

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 28, 2022**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** § | | **Chapter 7** |
| §| | |
| **DENNIS JAMES ROGERS II,** § | | **Case No. 22-30500-7** |
| § | | |
| **Alleged Debtor.** § | | **(Involuntary Proceeding)** |

**ORDER GRANTING PETITIONING CREDITORS' EMERGENCY MOTION FOR
ENTRY OF AN ORDER (I) APPOINTING AN INTERIM TRUSTEE UNDER
<u>11 U.S.C. § 303(G) AND (II) GRANTING EMERGENCY RELIEF</u>
[Relates to Docket No. 2]**

This matter coming before the Court upon the emergency motion (the "<u>Emergency Motion</u>")[1] filed by Steven A. Webster, Debra and Russell Van Cleve, and Angela Garbiso (collectively, the "<u>Petitioning Creditors</u>") for entry of an order, pursuant to sections 105(a) and

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings as ascribed to them in the Emergency Motion.

303(g) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 2001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) appointing an interim Chapter 7 trustee and (b) granting related relief; and it appearing that this Court has jurisdiction to consider the Emergency Motion pursuant to 28 U.S.C. § 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this involuntary chapter 7 case and the Emergency Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation, the Court having determined that the relief requested in the Emergency Motion is in the best interests of the Alleged Debtor, the estate, its creditors, and all other parties in interest; and it appearing that proper and adequate notice of the Emergency Motion has been given and that no other or further notice is necessary; and the Court having reviewed the Emergency Motion and having heard the statements in support of the relief requested therein at any hearing before the Court; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Emergency Motion is **GRANTED** as set forth herein.

2. Pursuant to section 303(g) of the Bankruptcy Code, the United States Trustee shall immediately appoint an interim chapter 7 trustee (the "Interim Trustee") to perform the duties set forth in sections 701 and 704 of the Bankruptcy Code.

3. Rogers shall cooperate in all respects with the Interim Trustee in implementing this Order, including without limitation, by providing complete and accurate information as requested by the Interim Trustee, and otherwise assist in the Interim Trustee's management of the estate.

4. Rogers shall not interfere with the transition of control of the estate, including all assets and properties comprising the estate, to the Interim Trustee pursuant to this Order.

5. Effective immediately upon entry of this Order and until such time as an interim chapter 7 trustee is appointed to take control of and manage the estate, Rogers is and shall be prohibited from continuing to use, acquire, or dispose of property of the estate unless and until the Court orders otherwise; provided, however, that Rogers may continue to pay reasonable and necessary living expenses and reasonable costs to retain counsel for this case in an amount not to exceed $5,000 in the aggregate, and Rogers shall take all appropriate and necessary actions to protect and preserve property of the estate pending the appointment of an interim chapter 7 trustee by the United States Trustee.

6. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

7. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**# # # END OF ORDER # # #**

**AGREED AS TO FORM AND SUBSTANCE:**

By: */s/ David R. Eastlake*  
    David R. Eastlake  
    Texas Bar No. 24074165  
    Meghan Dawson McElvy  
    Texas Bar No. 24065127  
    Travis James Sales  
    Texas Bar No. 17532080  
    Christopher E. Tutunjian  
    Texas Bar No. 24110460  
    BAKER BOTTS L.L.P.  
    910 Louisiana Street  
    Houston, Texas 77002  
    Tel:  713.229.1234  
    Fax:  713.229.1522  
    david.eastlake@bakerbotts.com  
    meghan.mcelvy@bakerbotts.com  
    travis.sales@bakerbotts.com  
    christopher.tutunjian@bakerbotts.com  

    *Counsel for Petitioning Creditor Steven A. Webster*

    – and –

By: */s/ David B. Miller*  
    David Brian Miller  
    Texas Bar No. 00788057  
    *david@schneidlaw.com*  
    SCHNEIDER MILLER REYNOLDS, PC  
    300 N. Coit Rd., Suite 1125  
    Richardson, Texas 75080  
    Telephone:     (972) 479-1112  
    Facsimile:      (972) 479-1113  

    *Counsel for Petitioning Creditors Debra and Russell Van Cleve and Angela Garbiso*

By: */s/ Dennis J. Rogers II*  
    Dennis James Rogers II  
    6520 Del Norte Lane  
    Dallas, Texas 75225  
    dennis.rogers@omtcinc.com  

    *Pro Se*