# FEE APPLICATION COVER SHEET

<u>First Interim</u> Fee Application of <u>Schneider Miller Reynolds, P.C. ("SMR") and Dortch Lindstrom Livingston Law Group ("DLLLG")</u>

for the time period of <u>May 26, 2022 through July 15, 2024</u>

Capacity: <u>Special Counsel to Areya Holder Aurzada, the Chapter 7 Trustee</u>    Chapter: <u>7</u>

Debtor/Case: <u>*Dennis James Rogers II;* Case No. 22-30500-swe7</u>

Retainer Received: _____    Amount Previously Paid: _____

**Amount Requested:**

Fees:    <u>$25,995.00 (SMR)</u>

Fees:    <u>$24,000.00 (DLLLG)</u>

Expenses:  <u>$20,000.00 (SMR)</u>

Other: _____

**Total:**  <u>**$69,995.00**</u>

**Reductions:**

Vol. Fee Reductions:  <u>$_____</u>

Expense Reductions: _____

**Total Reductions:**  <u>**$_____**</u>

**Expenses:**

Copies per page:  <u>$_____</u>    WestLaw/Lexis:  <u>$_____</u>

Faxes per page: _____    Other (specify): _____

**Hourly Rates:**    Attorney/Accountant    Paralegal/Clerical

Highest Rates:  <u>$_____</u>    <u>$_____</u>

Hours Billed: _____    _____

Average:  <u>$_____</u>

<u>*/s/ Kenneth A. Hill*</u>    <u>July 24, 2024</u>
Signature    Date

4840-9671-2496, v. 1

Kenneth A. Hill
Quilling, Selander, Lownds,
  Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § § | |
| DENNIS JAMES ROGERS II, § § | CASE NO. 22-30500-swe7 (Involuntary Proceeding) |
| DEBTOR. § | |

**FIRST INTERIM APPLICATION FOR ALLOWANCE OF
<u>FEES AND EXPENSES OF SPECIAL COUNSEL</u>**

**<u>NOTICE</u>**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., DALLAS, TX 75242 BEFORE THE CLOSE OF BUSINESS ON AUGUST 14, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE SCOTT W. EVERETT, UNITED STATES BANKRUPTCY JUDGE:

Areya Holder Aurzada (the "Trustee"), in her capacity as the chapter 7 trustee for Dennis James Rogers II (the "Debtor"), files this *First Interim Application for Allowance of Fees and*

*Expenses of Special Counsel* (the "Application"), and would respectfully show the Court as follows:

## I. EMPLOYMENT AND PRIOR COMPENSATION

1. On March 22, 2022, an involuntary petition was filed against the Debtor under chapter 7 of the United States Bankruptcy Code. On March 28, 2022, this Court entered an order for the United States Trustee to appoint an interim chapter 7 trustee (Dkt. No. 16). Thereafter, the Trustee was appointed as the interim chapter 7 trustee. On April 26, 2022, this Court entered an order for relief against the Debtor under chapter 7 (Dkt. No. 33). The Trustee continues to serve as the permanent chapter 7 trustee.

2. Based upon the Trustee's investigation, she believed the Debtor's bankruptcy estate had meritorious claims and causes of action (collectively, the "Estate Causes of Action") to avoid and recover transfers the Debtor made to other person and entities and recover damages from third parties for their involvement in the Debtor's unlawful conduct.

3. On July 7, 2022, this Court entered an *Order Approving Employment of Special Counsel on Contingent Fee Basis* (Dkt. No. 72), which approved the Trustee's employment of the law firm of Schnieder Miller Reynolds, P.C. ("SMR") as special counsel on a contingent fee basis to investigate and pursue claims and causes of action to avoid and recover transfers the Debtor made to other persons and entities.

4. After further investigation, SMR confirmed the Debtor's bankruptcy estate had meritorious claims and causes of action and identified additional actions to recover damages from third parties for their involvement with Debtor's unlawful conduct. SMR advised the Trustee that it would be beneficial for her to engage the law firm of Dortch Lindstrom Livingston Law Group ("DLLLG") as co-counsel to assist SMR in the continued investigation and pursuit of Estate Cause of Action.

5. On March 15, 2024, the Court entered an *Order Approving Employment of Additional Special Counsel and Modification of Employment Terms with Existing Special Counsel*, in which the Court modified the Court-approved employment terms for SMR to expand the scope of its representation to cover all the Estate Causes of Action, authorized the Trustee to employ the DLLLG as special counsel to serve as co-counsel with SMR to investigate and pursue the Estate Causes of Action, and modified the contingent fee arrangement such that SMR will receive 17.33% of any gross recovery, plus reimbursement of expenses advanced, to be paid only out of amounts recovered, and DLLLG will receive 16% of any gross recovery, plus reimbursement of expenses advanced, to be paid only out of amounts recovered (the "Contingent Fee Terms").

6. Neither SMR nor DLLLG has previously requested or received any fees or expenses for services provided to the Trustee in this case.

7. This Application covers the period of time from May 26, 2022 through July 15, 2024. No agreement exists between SMR and any other person or entity for the sharing of compensation to be received for services rendered in connection with this case, except that such compensation will be shared among the employees of SMR. No agreement exists between DLLLG and any other person or entity for the sharing of compensation to be received for services rendered in connection with this case, except that such compensation will be shared among the employees of DLLLG.

8. The Trustee has reviewed and approved the compensation requested in this Application, subject to this Court's approval.

## II.  CASE STATUS

9. On August 8, 2023, this Court entered an *Agreed Order Approving Settlement with Goldman Sachs, Including Modification of the Automatic Stay* (Dkt. No. 214). In accordance with that settlement agreement, the Trustee received $183,683.44 from Goldman Sachs & Company

LLC and Goldman Sachs Bank USA, paid $162,908.14 of those funds to Steven A. Webster, and retained the remaining $20,775.30 as unencumbered funds in the Debtor's bankruptcy estate.

10. The only other assets in the Debtor's bankruptcy estate that the Trustee believes have material value are the Estate Causes of Action, which are being pursued by SMR and DLLLG.

11. In April 2024, the Trustee and SMR made demand upon Dennis Woods for Estate Causes of Action against him.

12. On June 10, 2024, this Court entered an *Order Approving Settlement with Dennis Woods*. As provided in the Court-approved Settlement Agreement, Woods paid the Trustee $150,000.00 in full settlement of all claims. All terms of the Settlement Agreement have been performed by all parties. SMR and DLLLG have completed all services with respect to the Estate Causes of Action against Woods.

13. SMR and DLLLG continue to represent the Trustee with respect to Estate Causes of Action against other parties.

14. The claims bar date has been set to August 14, 2024.

15. The Trustee is currently holding $170,775.30 in this bankruptcy estate, the majority of which is from the $150,000.00 settlement payment from Woods. The only other unpaid administrative expenses in this case are:

    (a) the Trustee's commission and expenses, which are undetermined at this time;

    (b) the fees and expenses of Quilling, Selander, Lownds, Winslett & Moser, P.C., the Trustee's general bankruptcy counsel in this case, which are undetermined at this time; and

        (c)    the fees and expenses of the Trustee's accountants, which are undetermined at this time.

16.    The Trustee is holding sufficient funds to pay SMR and DLLLG in full on the Contingent Fee Terms. The Trustee expects the remaining proceeds from the Settlement Payout to be sufficient to pay all other allowed administrative expenses in full and make a meaningful distribution to creditors.

17.    The Trustee does not believe it would be feasible to pay an interim distribution to creditors at this time.

### III. ATTORNEY'S FEES AND EXPENSES

18.    From May 26, 2022 through July 15, 2024, the Trustee incurred the following attorney's fees and expenses in accordance with the Court-approved Contingent Fee Terms with respect to SMR and DLLLG representation:

|  | Fees | Expenses[1] |
|---|---|---|
| SMR | $25,995.00 | $20,00.00 |
| DLLLG | $24,000.00 | $0.00 |

### IV. SUMMARY OF SERVICES RENDERED

19.    All services provided by SMR and DLLLG were attributable to pursuit of Estate Causes of Action against Woods in accordance with the Court-approved terms of their employment as special counsel for the Trustee.

---

[1] Special Counsel has incurred significantly more than $20,000.00 in expenses in connection with the Trustee's potential claims against Woods as well as several other third parties who are not parties to the Woods settlement. Although the Court-approved fee agreement would allow Special Counsel to recover all expenses incurred to date from the Woods settlement, Special Counsel has agreed to limit its request for expenses from the Woods settlement to $20,000.00 and defer all remaining expense amounts to be collected from future recoveries from third parties who are not parties to the Woods settlement.

## V. FIRST COLONIAL FACTORS

20. In support of this request for allowance of compensation and reimbursement of expenses, the Trustee respectfully directs this Court's attention to those factors generally considered by Bankruptcy Courts in awarding compensation to professionals for services performed in connection with the administration of a bankruptcy estate, as enumerated in 11 U.S.C. § 330 and developed by case law. Specifically, section 330 provides, *inter alia*, that the allowance of professional compensation should be based upon the time, nature, extent and value of the services rendered as well as consideration of the cost of comparable services rendered in a non-bankruptcy context. The controlling authority in the Fifth Circuit is *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). In *First Colonial*, the Court of Appeals for the Fifth Circuit identified twelve factors to guide this Court's decision. Those factors as applied to the services rendered in this case by SMR and DLLLG are addressed below.

    (a)    **The Time and Labor Required.** SMR and DLLLG spent considerable time representing the Trustee as special counsel to continue pursuing the Estate Causes of Action against Woods. Because the terms of employment were on a contingent fee basis plus expenses, they do not seek compensation on an hourly lodestar basis.

    (b)    **The Novelty and Difficulty of the Questions.** The services provided by SMR and DLLLG involved factual and legal questions that were of high difficulty. The Estate Causes of Action against Woods are founded on fraudulent transfer law in the context of a Ponzi scheme. Woods was represented by experienced and qualified counsel who negotiated strongly for Woods by challenging the factual and legal bases for the Trustee's claims.

(c) **The Skill Requisite to Perform the Service.** SMR and DLLLG had the level of skill necessary to investigate and pursue the Estate Causes of Action and negotiate a reasonable settlement with Woods, which this Court approved.

(d) **The Preclusion of Other Employment Due to Acceptance of the Case.** Neither SMR nor DLLLG declined any representation solely because of their service as special counsel for the Trustee in this case. On occasion, however, they were not able to devote as much time to other matters as they would have had it not been for their services as special counsel for the Trustee in this case.

(e) **The Customary Fee.** The Contingent Fee Terms are commensurate with the contingent fee arrangements for fraudulent transfer claims in the Northern District of Texas.

(f) **Whether the Fee is Fixed or Contingent.** SMR and DLLLG's fees are contingent. Payment of their fees, however, is subject to Court approval and the requirements of the Bankruptcy Code and relevant case law.

(g) **Time Limitations Imposed by the Client or Other Circumstances.** The time requirements of investigating and pursuing the Estate Causes of Action against Woods have been moderate generally and high from time to time.

(h) **The Amount Involved and the Results Obtained.** The total amount of funds recovered through the efforts of SMR and DLLLG was $150,000.00. The Trustee expects that to be enough to pay all allowed administrative expenses in full and make a meaningful distribution to unsecured creditors.

(i) **The Experience, Reputation and Ability of the Attorneys.** SMR and DLLLG have experience investigating and pursuing claims and causes of action like the

Estate Causes of Action the Trustee threatened to file against Woods. The reputations of SMR and DLLLG are recognized and respected in the legal community.

(j) **The Undesirability of the Case.** SMR and DLLLG's representation of the Trustee as special counsel has not been undesirable other than the normal delays and risks associated with payment of contingent legal fees by a trustee in a chapter 7 case.

(k) **The Nature and Length of the Professional Relationship with the Client.** This is the only case in which SMR and DLLLG have represented the Trustee.

(l) **Award in Similar Cases.** The Trustee believes that the fees requested in this case are less than or equal to those which have been awarded for comparable services in cases pending in this District.

## VI.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter an order:

a. approving SMR's compensation in on an interim basis in the amount of $45,995.00 ($25,995.00 for fees plus $20,000.00 for expenses);

b. approving DLLLG's compensation on an interim basis in the amount of $24,000.00 for fees;

c. authorizing the Trustee to pay SMR and DLLLG immediately all amounts approved in this application; and

d. granting the Trustee such other and further relief to which she may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
    Kenneth A. Hill
    State Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## PROFESSIONAL CERTIFICATION

I hereby certify (a) that I am the professional with responsibility to verify compliance with the Guidelines for Compensation and Expense Reimbursement of Professionals as promulgated in the United States Bankruptcy Court for the Northern District of Texas ("Guidelines"); (b) I have read the Application; (c) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines; and (d) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by SMR and DLLLG and generally accepted by SMR and DLLLG's clients.

*/s/ David Miller*
David Miller, Shareholder and Officer of SMR

*/s/ T. Micah Dorch*
T. Micah Dorch, Managing Partner of DLLLG

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing by ECF upon all persons who have filed ECF appearances in this case, including the Office of the United States Trustee.

*/s/ Kenneth A. Hill*
Kenneth A. Hill

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DENNIS JAMES ROGERS II, | § § | CASE NO. 22-30500-swe7 (Involuntary Proceeding) |
| DEBTOR. | § § | |

**ORDER GRANTING FIRST INTERIM APPLICATION FOR**
**ALLOWANCE OF FEES AND EXPENSES OF SPECIAL COUNSEL**

On this date, the Court considered the *First Interim Application for Allowance of Fees and Expenses of Special Counsel* (Dkt. No. _____, the "Application") filed by Areya Holder Aurzada (the "Trustee"), in her capacity as the chapter 7 trustee for Dennis James Rogers II. The Court, after considering the record and noting that no objections were filed to the Application, finds that notice of the Application was appropriate and sufficient under the circumstances, the amount sought in the Application for compensation to Schneider Miller Reynolds, P.C. ("SMR") and Dortch Lindstrom Livingston Law Group ("DLLLG") as special counsel for the Trustee is reasonable compensation for actual and necessary services rendered to the Trustee pursuant to 11 U.S.C. § 330, and the Application should be granted as set forth below.

**ORDER GRANTING FIRST INTERIM APPLICATION FOR**
**ALLOWANCE OF FEES AND EXPENSES OF SPECIAL COUNSEL** PAGE 1
7084853.1

It is therefore ORDERED that SMR is hereby awarded compensation in the amount of $45,995.00 ($25,995.00 for fees plus $20,000.00 for expenses).

It is further ORDERED that DLLLG is hereby awarded compensation in the amount of $24,000.00 for fees.

It is further ORDERED that the Trustee shall be and hereby is authorized to immediately pay SMR and DLLLG the full amount of fees and expenses approved herein.

# # # End of Order # # #

Submitted by:
Kenneth A. Hill
Quilling, Selander, Lownds,
   Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
ATTORNEYS FOR THE TRUSTEE