David B. Miller
Texas Bar No. 00788057
david@schneidlaw.com
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Telephone: (972) 479-1112
Facsimile: (972) 479-1113

T. Micah Dortch
Texas Bar No. 24044981
micah@dll-law.com
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, Texas 75093
Telephone: 214-252-8258
Facsimile: 888-653-3299

*Special Counsel for the Trustee Areya Holder Aurzada*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DENNIS JAMES ROGERS II, | § | CASE NO. 22-30500-swe7 |
| | § | **(Involuntary Proceeding)** |
| DEBTOR. | § | |

**MOTION TO APPROVE SUBSTANTIVE CONSOLIDATION OF
NONDEBTOR AFFILIATED ENTITIES WITH THE DEBTOR'S ESTATE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON AUGUST 29, 2024, WHICH IS AT LEAST TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

> **IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

**COMES NOW**, Areya Holder Aurzada ("Trustee" or "Plaintiff") in her capacity as Chapter 7 Trustee for Dennis James Rogers II ("Debtor" or "Rogers") and files this her *Motion to Approve Substantive Consolidation of Nondebtor Affiliated Entities with Debtor's Estate* (the "Motion") and would respectfully show the Court as follows:

## I. BACKGROUND

1. On March 22, 2022, Creditors Debra A. Van Cleve, Russell Van Cleve, Angela Garbiso and Steven A. Webster ("Petitioning Creditors") filed a Petition for Involuntary Relief. [Dkt. 1]. On March 28, 2022, this Court granted Petitioning Creditors' Emergency Motion for Entry of an Order (I) Appointing an Interim Trustee under 11 U.S.C. § 303 (G) and (II) Granting Emergency Relief [Dkt. 16]. On April 26, 2022, the Court entered an Order for Relief in an Involuntary Case [Dkt. 33]. The Trustee continues to serve as the permanent Chapter 7 Trustee.

2. On May 11, 2022, the Debtor filed, among other things, his Summary of Assets and Liabilities [Dkt. 47]. On June 23, 2022, the Debtor appeared and testified at his 341(A) Creditor's Meeting. On August 11, 2022, the Debtor filed his Amended Bankruptcy Schedule C [Dkt. 112]. In the Summary of Assets and Liabilities and attached schedules, the Debtor identified approximately $19,000,000.00 of debts from various creditors and less than $2,000,000.00 of assets, the bulk of which the Debtor claims as exempt.

3. The Debtor has plead guilty to securities fraud and admitted that he used funds from investors to pay other investors, purchase real estate and pay his personal expenses. See **Exhibit 1** Factual Resume of Dennis Rogers in Case No. 3-24CR0170-K.

## II. ARGUMENT AND AUTHORITIES

A.  **The Standard for Substantive Consolidation.**

4. The Bankruptcy Code does not expressly provide for substantive consolidation; instead, the authority of the Court arises from its equitable powers under section 105 of the Bankruptcy Code. *In re ADPT DFW Holdings, LLC*, 574 B.R. 87, 93 (Bankr. N.D. Tex.) (Jernigan, J.); *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 517 (W.D. Tex. 2000). A bankruptcy court's ability to order substantive consolidation has its roots in the Supreme Court decision of *Sampsell v. Imperial Paper & Color Corp.*, 313 U.S. 215, 219 (1941), where the Supreme Court recognized that the consolidation of different but related estates was a vital tool in fulfilling a fundamental purpose of bankruptcy proceedings. "The power of the bankruptcy court to subordinate claims or to adjudicate equities arising out of the relationship between several creditors is complete." *Id.*

5. Substantive consolidation combines two or more debtors into a single pool from which the claims are paid ratably. *Clyde Bergemann, Inc. v. Babcock and Wilcox Co. (In re Babcok & Wilcox Co.)*, 250 F.3d 955, 959 n.5 (5th Cir. 2001); *ADPT*, 574 B.R. at 91. The assets and liabilities of separate bankruptcy estates are combined and treated as if they belong to one entity. *Babcock and Wilcox*, 250 F.3d at 959.

6. The Fifth Circuit has long held that bankruptcy courts have the authority to substantively consolidate cases. *S.I. Acquisition v. Eastway Delivery Serv. (In re S.I. Acquisition)*, 817 F.2d 1142, 1144 n.2 (5th Cir.1987). "[A] survey of case law and legal scholarship indicates a general agreement with the proposition that a bankruptcy court has the authority to order substantive consolidation." *Permian Producers*, 263 B.R. at 516 (citations omitted).

7. The legal standards for substantive consolidation are highly fact specific and made on a case by case basis. *ADPT*, 574 B.R. at 93-94; *Permian Producers*, 263 B.R. at 516. Two separate

tests have evolved: one based on reviewing several factors to determine if consolidation is appropriate; the other, balancing the impact on creditors versus the benefits of consolidation. *Permian Producers*, 263 B.R. at 517-18. The Fifth Circuit has not adopted either test. *ADPT*, 574 B.R. at 94; *In re Introgen Therapeutics, Inc.*, 429 B.R. 570, 582 (Bankr. W.D. Tex.).

The factors cited in *Permian Producers* are:

(a) the degree of difficulty in segregating and ascertaining individual assets and liabilities;

(b) the presence or absence of consolidated financial statements;

(c) the profitability of consolidation at a single physical location;

(d) the commingling of assets and business functions;

(e) the unity of interests and ownership between the various corporate entities;

(f) the existence of parent and intercorporate guarantees on loans; and

(g) the transfer of assets without formal observance of corporate formalities.

*Permian Producers*, 263 B.R. at 518.

8. The factor test has been reduced from a long laundry list to two critical factors: (1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; *or* (2) whether the affairs of the debtors are so entangled that consolidation would benefit all creditors. *ADPT*, 574 B.R. at 95 (citing *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 519 (2d Cir. 1988)); *Introgen Therapeutics*, 429 B.R. at 583 (same). The presence of either factor is sufficient to order substantive consolidation. *ADPT*, 574 B.R. at 96 (citing *Augie/Restivo*, 860 F.2d at 519); *In re E'Lite Eyewear Holding*, 2009 WL 349832, *3 (Bankr. E.D. Tex. 2009).

9. The balancing test requires a showing of identity between the entities to be consolidated, that the consolidation is necessary to prevent harm or prejudice, *or* a general benefit from the consolidation. *Introgen*, 429 B.R. at 584.

10. Courts are divided on the substantive consolidation of a debtor with a nondebtor. "[A]s careful as the courts must be in allowing substantive consolidation of *debtors* to occur …, the caution must be multiplied exponentially in a situation where a consolidation of a debtor's case with a non-debtor is attempted." *Morse Operations, Inc. v. Robins LeCocq. Inc. (In re Lease-A-Fleet, Inc.)*, 141 B.R. 869, 872 (Bankr.E.D.Pa.1992) (emphasis in original).

11. Exercising this caution and applying the factors in *Permian* and/or the simplified two factor test, numerous courts have ordered substantive consolidation with nondebtor entities. *See, e.g., In re E'Lite Eyewear Holding*, 2009 WL 349832, *3 (Bankr. E.D. Tex. 2009) (discussing substantive consolidation with nondebtor entities).

**B. The Recognized Factors Support Substantive Consolidation.**

12. In 2017 and 2018, Rogers set up at least five (5) different affiliated corporations – Organ Mountain Energy, LLC; OMTC, Inc.; Nomad Development, LLC; Bootstrap Ventures, LLC, and Push Start Industries, LLC (collectively, the "Affiliated Entities").[1] Based on the Trustee's due diligence, the Debtor's 341 testimony, and review of bank records and other documents, each Affiliated Entity functioned as an alter ego of Dennis Rogers. In other words, each Affiliated Entity was organized and operated as a mere tool or business conduit for Rogers, there was such unity between the Affiliated Entities and Rogers that the separateness of the corporations ceased, and holding only the corporations liable would result in an injustice. *See, e.g., Durham v Accardi*, 582 S.W.3d 179, 185 (Tex. App.-Houston [14th Dist.] 2019, no pet.).

13. Rogers was the sole owner of the Affiliated Entities. Investigation to date indicates no employees in any of the Affiliated Entities. Rogers is the only party appearing in records reviewed

---

[1] Affiliated Entities are referred to as "Shell Entities" in the Amended Complaint.

who made any decision on behalf of any Affiliated Entity. Rogers guaranteed the debts of all Affiliated Entities.

14. Other than the original operating agreements, there are only a handful of corporate records of any type. Indeed, for some of the Affiliated Entities there are no records other than what appears on the Secretary of State website.

15. The banking records indicate that there was literally no distinction between or among the deposits and distributions made from Rogers' personal accounts and the accounts of the Affiliated Entities. Rogers and the Affiliated Entities used six different banks or brokerage firms. Rogers and the Affiliated Entities had 28 traditional banking accounts and another 20 brokerage accounts. On a weekly if not daily basis, Rogers transferred money between Affiliated Entity accounts and his personal account. The Affiliated Entities paid each other's debts and expenses and paid Rogers' debts and expenses. There is no evidence that these transfers were accounted for by any of the Affiliated Entities.

16. The Affiliated Entities used a variety of physical addresses, but used the same addresses at the same points in time.

17. If the ability of courts to substantively consolidate nondebtors with the debtor's estate is viable (and it is) it should apply here under any test. To hold otherwise prejudices the creditors. By way of example, and without limitation, if the Trustee is limited to avoiding fraudulent transfer actions coming from the Debtor only, and not fraudulent transfers coming from his alter ego wholly owned subsidiaries, the Trustee's avoidance powers to benefit all creditors are impaired.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court order the substantive consolidation of the Affiliated Entities with the Debtor's Estate effective as of the date of the filing of the Involuntary Petition in this case and grant the Trustee such other and further relief to which she may be justly entitled.

Dated: August 8, 2024

Respectfully submitted,

By: */s/ David B. Miller*
David B. Miller
Texas Bar No. 00788057
david@schneidlaw.com
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Telephone:(972) 479-1112
Facsimile: (972) 479-1113

-and-

T. Micah Dortch
Texas Bar No. 24044981
micah@dll-law.com
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, Texas  75093
Telephone:  214-252-8258
Facsimile:  888-653-3299

*Special Counsel for the Trustee*

## CERTIFICATE OF CONFERENCE

I hereby certify that I reasonably anticipate that the number of opposing parties may be too numerous to contact prior to filing this Motion.

By: */s/ David B. Miller*
David B. Miller

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same by (a) the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtor, the Trustee, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j), and (b) first class mail, postage prepaid, on the persons and entities set forth on the

attached service list. The service list is omitted from service copies to avoid unnecessary copying and postage charges, but a copy can be obtained free of charge by making a written request to Kathleen Yant, 300 N. Coit Road, Suite 1125, Richardson, Texas 75080, Fax: 972-479-1113, kathleen@schneidlaw.com.

By: */s/ David B. Miller*
David B. Miller

ACMC Finance and Trade
c/o Joshua Kluewer
1055 W. 7th Street, Suite 336
Los Angeles, CA  90017-2577

American Express
P.O. Box 650448
Dallas, TX 75265-0448

Andre Leblanc
P.O. Box 82009
Lafayette, LA  70598

Jefferson Capital Systems LLC
P.O. Box 7999
Saint Cloud, MN  56302-7999

Apple Card
P.O. Box 7247
Philadelphia, PA  19170

BAMCG Bridge Partners LP
13800 Seniac Dr., Suite 200
Dallas, TX  75234

Bank of America
P.O. Box 15019
Wilmington, DE  19850-5019

Brent Bohn
1775 N. Martin Luther King Blvd.
Las Vegas, NV  89106

Carolyn Perry
3914 75th Place
Lubbock, TX  79423

Chase Bank
P.O. Box 6294
Carol Stream, IL  60197-6294

Dallas County
John R. Ames, CTA
500 Elm Street
Dallas, TX  75202-3304

David Meche
5121 Johnston St.
Lafayette, LA  70503

Discover Bank
P.O. Box 3025
New Albany, OH  43054-3025

Dennis Rogers Sr.
County Rd 250
Durango, CO  81301

Discover Card
P.O. Box 30666
Salt Lake City, UT  84130

Ellis Guilbeau
2014 Beau Bassin Rd.
Lafayette, LA  70520

Frost Bank
P.O. Box 1600
San Antonio, TX  78296

Funderz.net
1022 Ave. M, Floor 2
Brooklyn, NY  11230

Gerard Ballanco Jr.
611 East Prudhomme St.
Opelousas, LA  70570

Goldman Sachs
100 Crescent Court
Dallas, TX  75201

Holland & Hart
222 S. Main St., #2200
Salt Lake City, UT  84101

Mandarin Capital, LLC
Lynn Pinker Hurst & Schwegmann LLP
2100 Ross Avenue, Suite 2700
Dallas, TX  75201-7919

Infinity Global Fuel, Inc.
5100 Westheimer, Suite 200
Houston, TX  77056-5597

McCathern Law Firm
3710 Rawlins Street, Suite 1600
Dallas, TX  75219

John & Ronda Harris
231 Ramblewood Dr.
Lafayette, LA  70508

MCPP Park District Residential
2711 N. Haskell Avenue, Suite 2400
Dallas, TX  75204

John Foreman III & Andre C. Leblanc
Attn: J. Mark Chevallier
McGuire, Craddock & Strother, P.C.
500 N. Akard St., Suite 2200
Dallas, TX  75201-3317

Noor Concepts LLC
c/o Nicoud Law
10440 N. Central Expwy., Suite 800
Dallas, TX  75231-2264

John Hughes
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA  70508-6180

Areya Holder
Areya Holder, Trustee
Law Office of Areya Holder, PC
P.O. Box 2105
Addison, TX  75001-2105

Eamonn J. Wiles
Decker Jones, P.C.
801 Cherry Street, Unit #46
Fort Worth, TX 76102-6803

Raymond McKaskle
1216 Ridgewood Place
Houston, TX  77055-5048

Kathy Rogers
County Road 250
Durango, CO  81301

Scott Faulkner
6830 Lakehurst Avenue
Dallas, TX  75230

Kenneth & Shawna Guilbeau
3185 Highway 178
Sunset, LA  70584-5116

Justin Leemay
TFRE Investments LLC
1831 W. Crest Ridge Road
Lehi, UT  84043

Lincoln Automotive Financial Services
c/o Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX  76006-1849

Steven Wang
20 Camelot Road
Windham, NH  03087

Linda Brown
5340 Gooseberry Way
Oceanside, CA  92057-4629

Synchrony Bank
P.O. Box 965003
Orlando, FL  32896-5003

Steven A. Webster
c/o David R. Eastlake
Baker Botts, L.L.P.
910 Louisiana Street
Houston, TX 77002

Perry Judice
c/o Russell Davenport
McDonald Sanders, P.C.
777 Main Street, Suite 1300
Fort Worth, TX 76102

Tony May
1850 E. Sahara Ave., Suite 206
Las Vegas, NV 89104

Troya Montgomery
350 Ambroise
Newport Coast, CA 92657

WeWork
115 W. 18th St.
New York, NY 10011-4113

Wildcat Lending Fund One, LP
4800 Dexter Drive
Plano, TX 75093

Dennis James Rogers II
6520 Del Norte Lane
Dallas, TX 75225-2619

Eric A. Liepins
Legal Aid of Northwest Texas
1515 Main Street
Dallas, TX 75201-4841

Michael H. Moghimi
c/o Nicoud Law
10440 N. Central Expwy., Suite 800
Dallas, TX 75231-2264

Linebarger Goggan Blair & Sampson, LLP
c/o Sherrel K. Knighton
2777 N. Stemmons Frwy., Suite 1000
Dallas, TX 75207-2328

JPMorgan Chase Bank, N.A.
c/o Suyash Agrawal
Massey & Gail LLP
50 E. Washington Street, Suite 400
Chicago, IL 60602-2100

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

John Foreman
1819 Pinhook Road, Suite 215
Lafayette, LA 70508-3700

PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Steven A. Webster, Aaron Webster & Dennis
c/o George H. Barber
Bradley Arant Boult Cummings LLP/Founta
1445 Ross Avenue, Suite 3600
Dallas, TX 75202-2761

Synchrony Bank
PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Ellis Guilbeau
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

John O. Harris
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Raymond McKaskle
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Shawna Guilbeau
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Kenneth Guilbeau
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Ronda A. Harris
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Shawna Guilbeau Perry
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Eric Liepins, PC
12770 Coit Road, Suite 850
Dallas, TX 75251-1364

United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-0996

Noor Concepts
555 E. 5th Street, Apt. 3022
Austin, TX 78701-4153

Mandarin Capital, LLC
2290 E. 4500 S #260
Salt Lake City, UT 84117-4494

Linda Brown
6545 Sequence Drive
San Diego, CA 92121-4363

Mandarin Capital, LLC
2600 Cecil Drive
Holladay, UT 84124-2906

Carolyn Guilbeau Perry
530 Catholique Road
Carencro, LA 70520-5603

Eamonn J. Wiles
801 Cherry Street, Suite 2000
Fort Worth, TX 76102-6882

Frost Bank
P.O. Box 1600
San Antonio, TX 78296-1600

Gerard Ballanco Jr.
460 Judice Road
Sunset, LA 70584-5156

Lincoln Automotive Financial Services
P.O. Box 650574
Dallas, TX 75265-0574

Frost Bank
c/o Karl Dial
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201-2794