Kenneth A. Hill
Quilling, Selander, Lownds,
  Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DENNIS JAMES ROGERS II, | § | CASE NO. 22-30500-swe7 |
| | § | |
| DEBTOR. | § | |

**TRUSTEE'S RESPONSE TO STEVEN WEBSTER'S APPLICATION
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

TO THE HONORABLE SCOTT W. EVERETT, UNITED STATES BANKRUPTCY JUDGE:

Areya Holder Aurzada (the "**Trustee**"), the chapter 7 trustee for Dennis James Rogers II (the "**Debtor**"), files this response to *Steven Webster's Application for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(3)(a) and (4)* (Dkt. No. 250, the "**Application**") and would respectfully show as follows:

1. For ease of reference, all capitalized terms not otherwise defined herein will have the meanings ascribed to them in the Application.

**I. INTRODUCTION**

2. The Application is a lesson in overkill for filing an *uncontested* involuntary chapter 7 case against one individual debtor. Webster requests a staggering $330,856.85 in fees and expenses for an incredible 462.3 hours of work by attorneys with billing rates ranging from $580 to $1,350 and staff with billing rates of $270 to $410.

3. The Trustee supports granting Webster a reasonable administrative expense for attorneys' fees and expenses incurred for filing the Involuntary Petition and prosecuting it through entry of the Order for Relief. However, Webster's request encompasses more than just the Involuntary Petition and is grossly excessive (by a factor of ten) for an uncontested involuntary petition against an individual debtor.

## II. FACTUAL BACKGROUND

4. Webster and three other individuals filed the Involuntary Petition against the Debtor under chapter 7 of the Bankruptcy Code on March 22, 2022 (Dkt. No. 1). Judge Hale entered an Order for Relief on April 26 (Dkt. No. 33). The Debtor never answered the Involuntary Petition or contested anything during that time (*see, generally,* Dkt. Nos. 1-33). Webster acknowledges that the Debtor did not even engage counsel until after the Order for Relief was entered (Application at ¶ 20). The Debtor's first appearance in the case was a week after the Order for Relief, when he filed his creditor matrix on May 2 (Dkt. No. 42).

## III. ARGUMENT AND AUTHORITIES

**A. The provisions for allowance of administrative expenses are to be narrowly construed, and the burden of proof is on the claimant.**

5. The administrative expense provisions of section 503(b) of the Bankruptcy Code must be narrowly construed because administrative expenses reduce the funds available for creditors and other claimants. *Mediofactoring v. McDermott (In re Connolly North Am., LLC)*, 802 F.3d 810, 816 (6th Cir. 2015); *Abraham Gimenez Plaintiff Group v. Department of Transp. and Pub. Works (In re Financial Oversight and Mgmt. Bd. for Puerto Rico)*, 92 F.4th 355, 362 (1st Cir. 2024); *see also NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir.1991), *cert. denied*, 502 U.S. 1032 (1992) (specifically addressing the terms "actual" and "necessary" in

section 503(b)(1)(A)); *Brickley v. Scattered Corp. (In re H & M Oil & Gas, LLC)*, 514 B.R. 790, (Bankr. N.D. Tex. 2014) (Houser, J.) (same).

6. The party requesting an administrative expense bears the burden of proof. *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir.1992); *H & M Oil & Gas*, 514 B.R. at 825.

7. The standard of appellate review of a bankruptcy court's ruling on a request for administrative expense is the deferential "abuse of discretion" standard. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3rd Cir. 2018).

**B.     Webster's fees and expenses are unreasonable, and most were unnecessary.**

8. Sections 503(b)(3)(A) and (b)(4) of the Bankruptcy Code limit an administrative expense award to "reasonable compensation" and "actual, necessary expenses." For the reasons explained below, the Trustee respectfully submits that the fees and expenses requested in the Application are unreasonable, and most of them were unnecessary in this case.

    **i.     A reasonable administrative expense for the Involuntary Petition should be less than $40,000.**

9. This case involved an uncontested involuntary petition filed by four creditors whose claims were founded on final judgments against an individual debtor who had already admitted in sworn post-judgment discovery responses that he was insolvent and not paying his debts as they came due.

10. Webster obtained an Agreed Final Judgment for over $6 million against the Debtor in state court a year before filing the Involuntary Petition. (Dkt. No. 199[1] at ¶ 5 and Ex. 1 thereto.) The other three petitioning creditors also had final judgments against the Debtor when they filed

---

[1] Limited Objection and Request for Adequate Protection Relating to Trustees Amended Motion to Approve Settlement with Goldman Sachs, Including Agreement to Modify the Automatic Stay.

the Involuntary Petition. (Dkt. No. 1 at p. 3.) In post-judgment discovery responses, the Debtor admitted everything else the petitioning creditors would need to file and successfully prosecute the Involuntary Petition against him: past-due debts of more than $28 million to 28 creditors and nine final judgments against him. (Dkt. No. 2 at ¶¶ 1 & 46.)

Given the uncontested facts of this case, the Trustee respectfully submits that a reasonable administrative expense for the Involuntary Petition should be less than $40,000. In another involuntary chapter 7 case filed recently in this District, Judge Larson awarded six petitioning creditors a combined administrative expense of $41,000.00. (*In re Animo Services, LLC*, Case No. 23-30035-mvl7, Dkt. No. 72.) In that case, the Debtor was a limited liability company with over $12 million in claims. (*Id.*, CM/ECF Claims Register). Unlike the case at bar, none of the petitioning creditors held a judgment against Animo Services. (*Id.*, Dkt. No. 1 at Addendum 1.)

11. The administrative expense requested by Webster is grossly excessive, both as to the amount requested and hours billed. This was an uncontested involuntary bankruptcy filing. The majority of the work needed to prove the facts supporting the Involuntary Petition had already been done in post-judgment collection work in Webster's state court suit. The Trustee submits that a reasonable fee allowance of $40,000.00 would provide for approximately 85 hours of legal work at an average rate of $450 and $1,500 to cover the filing fee and other expenses.

  **ii.**  **The Emergency Motion for Entry of Order for Relief was unnecessary and did not benefit the bankruptcy estate.**

12. Webster filed the Emergency Motion for Entry of Order for Relief on April 20, 2022, after the deadline for the Debtor to answer the Involuntary Petition had passed. (Dkt. No. 28 at ¶ 6.) That motion simply requested that the Court enter the Order for relief. (Dkt. No. 20 at p. 5, "WHEREFORE" para.) The Application does not specify how much of Webster's $330,856.85 request is attributable to the Emergency Motion for Order for Relief, but he requests

nearly $24,000 in fees for nearly 28 hours of legal work just to prepare for and appear at the hearing on it. (Application at ¶ 27(iii).)

13. Webster could have accomplished the same thing with a one-sentence Certificate of No Objection. There was no need for a hearing, and there was no emergency requiring immediate entry of the Order for Relief, especially since the Court had already appointed the Trustee as the interim trustee by that time. The Emergency Motion for Entry of Order for Relief was unnecessary and did not benefit the bankruptcy estate.

      **iii.** **The *First Colonial* factors do not support an administrative expense anywhere close to $330,000 for the Involuntary Petition in this case.**

14. Following is a discussion of the *First Colonial* factors identified in the Application to help guide this Court's review of the fees and expenses requested:

      (a)    **The Time and Labor Required.** This was an uncontested involuntary petition filed by four creditors with final judgments against a debtor who had already admitted in post-judgment discovery responses that he was insolvent and not paying his debts as they came due. A reasonable amount of time for those services would be fifty hours or less. As explained above, neither of Webster's emergency motions were necessary or beneficial to the bankruptcy estate. Webster's request for an administrative expense covering 462.3 hours of legal services is in a whole different universe from the needs of this case.

      (b)    **The Novelty and Difficulty of the Questions.** There was nothing novel or difficult about the filing of the Involuntary Petition in this case. Webster's reference to the "circumstances of the Debtor's prepetition conduct" is misplaced because those circumstances were irrelevant to the Involuntary Petition. All the elements for granting the

Involuntary Petition were conclusively established by the petitioning creditors' judgments and the Debtor's post-judgment discovery responses.

(c) **The Skill Requisite to Perform the Service.** Although the Trustee agrees that Webster's counsel likely encountered difficult and complex issues in their prepetition litigation against the Debtor, there was never any opposition or even an appearance by the Debtor in the bankruptcy case until a week after Judge Hale entered the Order for Relief.

(d) **The Preclusion of Other Employment Due to Acceptance of the Case.** Webster's attorneys represent that they did not decline any representation solely because of their services in this case.

(e) **The Customary Fee.** Webster's fee request, both the total amount and hourly rates, are extraordinary for an involuntary petition in this kind of case.

(i) **Total Amount**. As explained above, *In re Animo Services, LLC*, Case No. 23-30035-mvl7, involved another involuntary chapter 7 case filed recently in this District. In *Animo Services*, Judge Larson awarded the petitioning creditors a combined administrative expense of $41,000.00. For another point of reference, the Trustee's attorneys' fees for this entire case, not including contingent fee counsel's fees and expenses, is just over $50,000. The leviathan $330,856.85 administrative expense requested by Webster would swamp all other chapter 7 administrative expenses in this case and drive the case deep into administrative insolvency.

(ii) **Hourly Rates**. The attorneys for the petitioning creditors in the *Animo Services* case had billing rates ranging from $390 to $500. (*Animo Services* Dkt. No. 68 at p. 2.) The hourly rates for the Trustee's attorneys in this case range

from $275 to $400. By contrast, Webster's attorneys' hourly rates range from $580 to $1,350. The cases Webster's attorneys cite in support of their rates are large chapter 11 cases that have been designated complex cases: *In re Rockall Holdings, LLC*, Case No. 22-9000-mxm11 (Bankr. N.D. Tex.); and *In re GWG Holdings, Inc.*, Case No. 22-90032 (MI) (Bankr. S.D. Tex.). The fee applications Webster's attorneys cite from those cases are for attorneys representing the debtors-in-possession and other large stakeholders. None of those applications covered an uncontested involuntary chapter 7 filing like the instant case.

(f) **Whether the Fee is Fixed or Contingent.** The attorneys' fees and expenses requested in the Application are hourly plus expenses.

(g) **Time Limitations Imposed by the Client or Other Circumstances.** The circumstances of the Involuntary Petition in this case should not have imposed any significant or unusual time limitations. Webster's final judgment was rendered on March 4, 2021. Webster and the other petitioning creditors waited over a year before filing the Involuntary Petition. Whatever time limitations Webster's attorneys encountered, those limitations were not emergencies related to the bankruptcy case.

(h) **The Amount Involved and the Results Obtained.** The entry of the Order for Relief was a positive result in this case facilitated by Webster's attorneys. However, as set forth above, the involuntary petition was uncontested. Neither of the emergency motions filed by Applicant after the filing of the involuntary petition generated any funds or provided any benefit to the bankruptcy estate, other than the net proceeds of $20,775.30

from Goldman Sachs received by the bankruptcy estate.[2] The fees and expenses requested in the Application far exceed the funds received in this bankruptcy estate during the two years since entry of the Order for Relief. If the Application is granted, the result obtained will be a chapter 7 case that is deeply administratively insolvent.

(i) **The Experience, Reputation and Ability of the Attorneys.** The Trustee does not question the reputation or ability of Webster's attorneys.

(j) **The Undesirability of the Case.** The Trustee does not take a position on this factor.

(k) **The Nature and Length of the Professional Relationship with the Client.** This factor is not relevant.

(l) **Award in Similar Cases.** To avoid unnecessary duplication, the Trustee incorporates the discussion above concerning *In re Animo Services, LLC*, Case No. 23-30035-mvl7 (Bankr. N.D. Tex.). Based on Judge Larson's award of $41,000 to the six petitioning creditors in that case, the Trustee respectfully submits that a reasonable administrative expense to Webster should be under $40,000.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED Trustee requests that the Court enter an order (a) awarding Webster an administrative expense under section 503(b)(3)(A) and (b)(4) for *reasonable attorneys' fees* and actual, *necessary expenses* for filing the Involuntary Petition, totaling less than $40,000.00, (b) denying all other relief requested in the Application, and (c)

---

[2] The Trustee received $183,683.44 from Goldman Sachs, but the bankruptcy estate was only allowed to retain $20,775.30. The remaining funds of $162,908.14 were paid to Webster pursuant to his pre-petition garnishment lien. The only other funds the estate is holding is $150,000.00 in a preference/fraudulent transfer settlement that was obtained by special counsel David Miller and Micah Dortch and is subject to a contingency fee agreement for their fees and expenses.

granting the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

        Respectfully submitted,

        QUILLING, SELANDER, LOWNDS,
          WINSLETT & MOSER, P.C.
        2001 Bryan Street, Suite 1800
        Dallas, Texas 75201
        (214) 871-2100 (Telephone)
        (214) 871-2111 (Facsimile)

By: */s/ Kenneth A. Hill*
     Kenneth A. Hill
     Texas Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same by the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including counsel of record for Webster, the Trustee, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j).

        */s/ Kenneth A. Hill*
        Kenneth A. Hill