Carmen Contreras-Martinez (admitted *pro hac vice*)
**SAUL EWING LLP**
701 Brickell Avenue, Suite 1700
Miami, FL 33131
(305) 428-4500
carmen.contreras-martinez@saul.com

-and-

Turner N. Falk (admitted *pro hac vice*)
**SAUL EWING LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-8415
turner.falk@saul.com

*Counsel to Funderz.Net, LLC*

Micheal W. Bishop
Texas Bar No. 02354860
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
mbishop@grayreed.com
acarson@grayreed.com

*Counsel to Funderz.Net, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>DENNIS JAMES ROGERS II,<br><br>Debtor. | (Chapter 7)<br><br>Case No. 22-30500-SWE |

**OBJECTION OF FUNDERZ.NET, LLC TO
MOTION TO APPROVE SUBSTANTIVE CONSOLIDATION
OF NONDEBTOR AFFILIATED ENTITIES WITH THE DEBTOR'S ESTATE**

Funderz.net, LLC ("Funderz"), by and through its undersigned counsel, files this Objection to the *Motion to Approve Substantive Consolidation of Nondebtor Affiliated Entities with the Debtor's Estate* (the "Motion") filed by filed by Areya Holder Aurzada, Chapter 7 Trustee for the Bankruptcy Estate of Dennis James Rogers II (the "Trustee") and respectfully states as follows:

**INTRODUCTION**

1.  Funderz was duped by debtor Dennis James Rogers II (the "Debtor") into lending $10 million to OMTC, Inc., personally guaranteed by the Debtor, on account of a non-existent

52813121

business operation selling fuel contracts. The Debtor and his companies repaid up to $11.5 million (the "Transfers") on account of the loan principal and interest.

2. The Trustee filed a Complaint, as subsequently amended, against Funderz seeking to recover the loan proceeds and contractual fees and interest paid to Funderz as actual or constructively fraudulent transfers by mischaracterizing Funderz as an "investor" in a Ponzi scheme. The Complaint alleges that some of the challenged Transfers were made by Oregon Mountain Energy, LLC; OMTC, Inc.; Nomad Development, LLC; Bootstrap Ventures, LLC, and Push Start Industries, LLC (collectively, the "Affiliated Entities"). The Complaint alleges that the Affiliated Entities are alter egos of the Debtor.

3. Funderz moved to dismiss the Complaint because, *inter alia*, Transfers made by the Affiliated Entities are not avoidable transfers of Debtor property. This is true under applicable Texas law even if the Affiliated Entities are alter egos of the Debtor.

4. The Trustee now seeks to consolidate the Affiliated Entities with the Debtor for the sole purpose of bolstering her avoidance claims against Funderz. The Motion identifies no other purpose to substantive consolidation; it does not even assert that the Affiliated Entities have any assets.

5. Substantive consolidation should be denied because it is improper to retroactively consolidate non-debtors into a debtor. Even if the principle of non-debtor consolidation is accepted, the Trustee does not establish that creditors dealt with the Debtor and Affiliated Entities as a single economic unit; all evidence is to the contrary.

6. Additionally, the Trustee cannot identify how consolidation would benefit all creditors, and the facts suggest it would not. The Trustee does not identify any assets that would be brought into the estate via consolidation, but does set out evidence suggesting that consolidation

would bring in additional debts owed by the Affiliated Entities. In effect, consolidation would only dilute recoveries for the Debtor's creditors.

### RELEVANT BACKGROUND

7. On March 22, 2022, (the "Petition Date") an involuntary petition was filed against the Debtor under Chapter 7 of the Bankruptcy Code. On March 28, 2022, this Court entered an order for the United States Trustee to appoint an interim Chapter 7 Trustee (Dkt. No. 16). Thereafter, the Trustee was appointed as the interim Chapter 7 Trustee. On April 26, 2022, this Court entered an order for relief against the Debtor under Chapter 7 (Dkt. No. 33). The Trustee continues to serve as the permanent Chapter 7 Trustee.

8. On April 26, 2024, the Trustee filed a complaint against Funderz, commencing adversary proceeding Case No. 24-3028-SWE (the "Complaint"). The Trustee filed an Amended Complaint on July 22, 2024. (Adv. Dkt. No. 20) (the "Amended Complaint").

9. The Amended Complaint alleges that in 2019, Funderz, loaned $10 million to the Debtor's company OMTC, Inc. ("OMTC"), personally guaranteed by the Debtor. Am. Compl. ¶ 19. The Amended Complaint alleges that the Debtor repaid approximately $5 million of the $15 million owed at that time, and that an additional approximately $6.5 million was repaid by the Affiliated Entities.

10. The Amended Complaint seeks to avoid these Transfers as constructively or actually fraudulent.

11. Funderz filed a Motion to Dismiss the Amended Complaint noting that the transfer of Debtor property is an essential element of avoidance, and the Transfers by Affiliated Entities were made by the Affiliated Entities, not the Debtor, and could not be avoided.

3

12. The Motion to Dismiss also notes that under Texas law, alter ego entities are not merged de facto, so even an alter ego finding does not permit avoidance of the Transfers by the Affiliated Entities. See Gardemal v. Westin Hotel Co., 186 F.3d 588, 593 (5th Cir. 1999) (citing Hall v. Timmons, 987 S.W.2d 248, 250 (Tex.App.—Beaumont 1999, no writ) (rejecting de facto merger theory); Lucas v. Tex. Indus., Inc., 696 S.W.2d 372, 374 (Tex. 1984) ("Generally, a court will not disregard the corporate fiction and hold a corporation liable for the obligations of its subsidiary…")

13. The Trustee filed the Motion to consolidate the Affiliated Entities – non-debtors – with the Debtor's estate. The Motion provides only one specific reason that consolidation allegedly benefits the estate: "if the Trustee is limited to avoiding fraudulent transfer actions coming from the Debtor only, and not fraudulent transfers coming from his alter ego wholly owned subsidiaries, the Trustee's avoidance powers to benefit all creditors are impaired." Motion ¶ 17.

14. The Motion admits that it is directed at increasing Funderz's alleged liability.

**ARGUMENT**

**A. Nunc Pro Tunc Consolidation of Non-Debtors is Impermissible**

15. Some courts – though admittedly in the minority – have "refused to take jurisdiction over a non-debtor for substantive consolidation purposes." In re Circle Land and Cattle Corp., 213 B.R. 870, 877 (Bankr. D. Kan. 1997) (citing cases).

16. Consolidation of non-debtors effectively places those non-debtors in an involuntary bankruptcy. In doing so, "[a]n attempt to involuntarily consolidate a non-debtor with a debtor end runs all of the foregoing stringent requirements and rather harsh consequences for failure provided in § 303 in connection with the filing of an involuntary petition." In re Lease-A-Fleet, Inc., 141 B.R. 869, 873 (Bankr. E.D. Pa. 1992) (denying attempt to substantively consolidate non-debtors).

4

17. When a request for consolidation does not offer facts in support, it must be denied on that basis. Weinman v. Hamilton Props. Corp. (In re Hamilton), 186 B.R. 991, 1002 (Bankr. D. Colo. 1995) (denying request for consolidation where pleading was "replete with the conclusions...but there are simply no, or grossly insufficient, facts offered in support....").

18. As discussed below, the Motion offers no supporting facts suggesting consolidation is proper.

19. Additionally, consolidation performs an improper end-run around statutes of limitations and the avoidance lookback periods.

20. The Amended Complaint seeks to avoid Transfers made through August 12, 2020 – outside the four-year avoidance lookback under applicable Texas law if the Affiliated Entities were placed in bankruptcy today. The entire avoidance action would be untimely.

21. Meanwhile, the Complaint was timely filed, but was filed on the last day before the lapse of the two-year limitations period pursuant to 11 U.S.C. § 546(a). Adding new parties – the Affiliated Entities as plaintiffs – and claims arising from those entities would be untimely and contested by Funderz.

22. Lastly, substantive consolidation cannot be employed as a workaround to defeat statutory avoidance defenses. The initial transferee of a transfer is, generally, strictly liable in an avoidance action. The subsequent transferee has numerous additional defenses. See 11 U.S.C. § 550(b) (providing defenses for subsequent transferees). The Amended Complaint alleges that money moved between the Debtor and Affiliated Entities – this might give the Trustee a right to avoid transfers between the Debtor and Affiliated Entities and seek money recovery from a subsequent transferee. But the Trustee cannot add the Affiliated Entities as defendants either, because the addition of these new parties and claims is barred by Section 546's limitations period.

23. By requesting consolidation, the Trustee seeks to work around the limitations periods and statutory defenses. The practical effect of the Motion is either to give the Trustee access to time-barred claims (which are thus worthless to the estate) or to implicitly seek nunc pro tunc relief. That is, the only way for the Trustee to potentially assert valuable claims is for this Court to not only substantively consolidate the Affiliated Entities, but to make that consolidation retroactive to the Petition Date.

24. While the Fifth Circuit has not passed judgment on the propriety of substantive consolidation of non-debtors, it has noted that "as careful as the courts must be in allowing substantive consolidation of debtors to occur ..., the caution must be multiplied exponentially in a situation where a consolidation of a debtor's case with a non-debtor is attempted." In re Amco Ins., 444 F.3d 690, 696 & n.3 (5th Cir. 2006) quoting Morse Operations, Inc. v. Robins Le–Cocq, Inc. (In re Lease–A–Fleet, Inc.), 141 B.R. 869, 872 (1992).

25. The Amco court correctly held that the substantive consolidation requested in that case was retroactive. Finding that the bankruptcy court had not explored the factors relevant to retroactive relief, the Fifth Circuit reversed the grant of substantive consolidation. Id. at 696-97.

26. The relief requested in the Motion cannot accomplish its stated purpose if it is not retroactive, but the Motion does not even note that it seeks retroactive relief. The Motion does not address the relevant factors for *nunc pro tunc* relief and should be denied on that basis alone.

27. The key Owens Corning case provides another reason why the Motion must be denied: it seeks to take improper advantage of consolidation as a workaround to the statutory rights discussed above.

28. Substantive consolidation,

> **should be used defensively to remedy identifiable harms, not offensively to achieve advantage** over one group in the plan negotiation process (for example,

6

>by deeming assets redistributed to negate plan voting rights), **nor a "free pass" to spare Debtors or any other group from proving challenges, like fraudulent transfer claims, that are liberally brandished to scare yet are hard to show**. If the Banks are so vulnerable to the fraudulent transfer challenges Debtors have teed up (but have not swung at for so long), then the game should be played to the finish in that arena.

In re Owens Corning, 419 F.3d 195, 215 (3d Cir. 2005) (emphasis added).

29. Owens Corning disapproved of substantive consolidation for exactly the reasons at play in this case: that court highlighted that the consolidation proposed would "strip the [creditor-defendants] of rights under the Bankruptcy Code [and] favor other creditors." Id. at 216.

30. By requesting consolidation, the Trustee seeks to work around the limitations periods and substantive defenses Funderz is otherwise entitled to assert.

31. In short, the Motion seeks to use the Court's equitable powers to defeat other clear statutory provisions in the Bankruptcy Code. While the Court's equitable powers are broad and flexible, they cannot be employed to overturn another express provision of the Bankruptcy Code. Law v. Siegel, 571 U.S. 415, 424 (2014) (bankruptcy court cannot use equity to overturn the "carefully calibrated exceptions and limitations" in the Bankruptcy Code).

32. Because the relief sought in the Motion is retroactive and because it seeks to use equity to displace explicit provisions of the Bankruptcy Code, the Motion must be denied.

**B.    Creditors Dealt with the Debtors and Affiliated Entities as Separate Entities, so Consolidation is Inequitable**

33. The applicable test for substantive consolidation is "whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit." In re ADPT DFW Holdings, LLC, 574 B.R. 87, 95 (Bankr. N.D. Tex. 2017) citing In re Augie/Restivo Baking Co., Ltd., 860 F.2d 515 (2d Cir. 1988).

34. The Motion misapplies this test, alleging that the Debtors and Affiliated Entities were mere tools and instrumentalities.

7

35. The intent of the Debtor and the Affiliated Companies is irrelevant; this basis for consolidation must be "applied from the creditor's perspective" and the inquiry "is whether creditors treated the debtors as a single entity, not whether the managers of the debtors themselves, or consumers viewed the [debtors] as one enterprise." In re 599 Consumer Elecs., Inc., 195 B.R. 244, 249 (S.D.N.Y. 1996).

36. The creditors of the Affiliated Entities must be given some notice of the Motion so they may weigh in on consolidation: "due process required that some type of notice be given to the creditors of the Non-Debtor Defendants." SE Prop. Holdings, LLC v. Stewart (In re Stewart), Case No. 15-12215-JDL, 5 n.4 (Bankr. W.D. Okla. Aug. 17, 2017).

37. The Motion does not specify which creditors of the Affiliated Entities received notice, how the Trustee investigated the creditors of the Affiliated Entities or even which parties served with the Motion are creditors of the Affiliated Entities.

38. The Motion alleges nothing specific about how creditors dealt with the Debtor or Affiliated Entities. It includes as an exhibit the Debtor's plea to securities fraud; in that document the Debtor admits that he involved specific companies in three different fraudulent schemes:

   a. OMTC in two separate schemes for oil and gas investment. See Motion Ex. A ¶¶ 3, 6.

   b. Bootstrap Ventures for a water rights scheme. See Motion Ex. A ¶ 8.

39. The Debtor's plea shows how each scheme was kept separate from each other scheme, and specific Affiliated Entities were used for each. The investors and creditors had agreements with specific entities and no crossing-over is alleged in the Motion or plea.

40. Funderz loaned money to OMTC, personally guaranteed by the Debtor. It had no contracts or dealings with the other Affiliated Entities. Funderz operated like an ordinary lender, setting up a contract with one entity personally guaranteed by the principal of that entity.

41. All the facts alleged in the Motion and known to Funderz indicate that the creditors of the Debtor and his Affiliated Entities treated each entity separately, not as a single economic unit. The expectation of the creditors is paramount, and it is inequitable to consolidate the Affiliated Entities into the same proceeding. The Motion must be denied.

**C. Consolidation Would Prejudice the Debtor's Creditors and Should Be Denied**

42. If consolidation of non-debtors is permissible at all, it may be ordered only where equitable. "[T]he movant for consolidation must allege equitable grounds exist for consolidation to the benefit of all creditors, and that the benefits of consolidation outweigh any resulting harm to general creditors of the entities." In re Stewart, 571 B.R. 460, 471 (Bankr. W.D. Okla. 2017) (denying consolidation where creditor makeup was not described).

43. The facts alleged in the Motion suggest that the Affiliated Entities are insolvent, so consolidation would "subvert the entire purpose of substantive consolidation in this case, which is to recover assets from a financially sound affiliated entity." In re S & G Financial Serv. of South Fla. Inc., 451 B.R. 573, 582 (Bankr. S.D. Fla. 2011) quoting Matter of Munford, Inc., 115 B.R. 390, 397 (Bankr. N.D. Ga. 1990).

44. The Motion does not describe any benefit to creditors – except an indirect reference to the Trustee's attempted end-run around Funderz's statutory rights. The Motion does not assert that the Affiliated Entities have **any** assets or valuable causes of action; the lapse of time makes it likely that any causes of action they possess are time-barred.

45. The Motion does not describe the nature of the creditor body of the Affiliated Entities and how those creditors overlap with the Debtor or each other. Given the nature of the Debtor's asserted use of the Affiliated Entities, it is likely that each Affiliated Entity has its own separate body of creditors.

46. Per the Debtor's plea agreement, some of the Affiliated Entities are associated with securities fraud and thus have associated claims against them; the Affiliated Entities may also have other types of creditors as well.

47. The potential creditors of the Affiliated Entities and the creditors of the Debtor would be prejudiced by consolidation: despite their reliance on entity separateness, they would be thrown into one pot, diluting the Debtor's creditors with new claims. It would only be proper for the creditors of the Affiliated Entities to have a re-set claims bar date, since these entities would be newly in bankruptcy.[1] Additionally, the Trustee would have to spend time and effort documenting the known creditors now pulled into this bankruptcy, reviewing the separate financial records and otherwise administering five new debtors.

48. Given that there is no benefit to the existing creditors of the Debtor from consolidation, and meaningful costs and creditor dilution would occur upon consolidation, the Motion requests relief that would harm creditors to the benefit of no party. The Motion must be denied.

## CONCLUSION

The Trustee's Motion improperly seeks *nunc pro tunc* relief without addressing the standard therefor, seeks to use the Court's equitable powers to work around statutory rights in derogation of the law, does not address the substantive factors for consolidation, demonstrates that creditors relied on entity separateness and that consolidation would prejudice creditors without providing any benefit. For these reasons, the Motion cannot meet the standard that "caution must

---

[1] In the event consolidation is ordered, Funderz reserves the right to file a claim against OMTC, the Affiliated Entity borrower on its loan.

10

be multiplied exponentially in a situation where a consolidation of a debtor's case with a non-debtor is attempted." In re Amco Ins., 444 F.3d at 696 & n.3.  The Motion must be denied.

Dated:  August 28, 2024

**SAUL EWING LLP**

*/s/ Micheal W. Bishop*
Carmen Contreras-Martinez (admitted *pro hac vice*)
701 Brickell Avenue, Suite 1700
Miami, FL 33131
(305) 428-4500
carmen.contreras-martinez@saul.com

-and-

Turner N. Falk (admitted *pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-8415
turner.falk@saul.com

-and-

**GRAY REED**

Micheal W. Bishop (TX Bar No. 02354860)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
mbishop@grayreed.com
acarson@grayreed.com

*Counsel to Funderz.Net, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on August 28, 2024, I caused a copy of the foregoing document to be served via electronic mail to the counsel listed below and via the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

David B. Miller
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
david@schneidlaw.com

-and-

T. Micah Dortch
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, TX 75093
micah@dll-law.com

***Special Counsel for the Trustee Areya Holder Aurzada***

                                                          */s/ Micheal W. Bishop*
                                                          Micheal W. Bishop