Russell A. Devenport
Texas Bar No. 24007109
rad@mcdonaldlaw.com
McDONALD SANDERS PC
777 Main Street, Suite 2700
Fort Worth, Texas 76102
Telephone: 817-336-8651
Facsimile: 817-334-0271

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY |
| | § | |
| DENNIS JAMES ROGERS, II, | § | CASE NO. 22-30500-SWE7 |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

**OBJECTION TO STEVEN WEBSTER'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(3)(a) & (4)**

TO THE HONORABLE SCOTT W. EVERETT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Gerard Ballanco Jr., David Meche and Perry Judice, Ellis Guilbeau, Kenneth Guilbeau, Shawna Guilbeau, Caroline Guilbeau Perry, Raymond McKaskle, John O. Harris and Ronda A. Harris (collectively, the "Objecting Creditors") and files this "Objection" to Steven Webster's Application for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(3)(A) & (4) [Doc. 250] (the "Application") and requests the Court deny the relief sought by Webster in his Application or vastly reduce the amounts requested therein. In further support of its Motion, Creditors state as follows:

**I.      JOINDER OF TRUSTEE'S RESPONSE**

1.      Objecting Creditors hereby join, adopt and incorporate herein by reference for all purposes the Trustee's Response to the Application. [Dkt 253].

## II.     SUMMARY

2.      Similar to Steven Webster, the Objecting Creditors were each caught up in the fraudulent scheme of Dennis James Rogers, II ("Rogers" or "Debtor") and were defrauded out of hundreds of thousands of dollars. Consequently, Objecting Creditors brought their respective adversary proceedings against Debtor where they, at significant cost and expense, proved up their own allegations against Debtor and are now in line with Debtor's other creditors to recover money as the Trustee finds applicable funds. If Webster's Application is granted, approximately $330,000 will be awarded to Webster for attorneys' fees and expenses, and those funds will not be available for the remaining creditors, including Objecting Creditors. Because Webster's Application does not set forth that he is entitled to recover such an exorbitant amount of money for attorneys' fees, Objecting Creditors respectfully make this Objection.

## III.     LEGAL STANDARDS

3.      The Application seeks to recover amounts for administrative expenses pursuant to 11 U.S.C. §§ 503(b)(3)(A) and 503(b)(4).[1] Under these sections, petitioning creditors may seek the fees and costs directly related to preparing the involuntary petition, including reasonable and necessary attorneys' fees. In re Key Auto Liquidation Ctr. Inc., 384 B.R. 599, 604 (Bankr. N.D. Fla. 2008) (citing 11 U.S.C. §§ 503(b)(3)(A) and 503(b)(4)). Applicants bear the burden of proving their entitlement to administrative expenses. *In re Westek Georgia, LLC*, 317 B.R. 567, 569–70 (Bankr. M.D. Ga. 2004).

Section 503(b)(3)(A) & 503(b)(4), under which the Application is made, provides:

> **(b)** After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

---

[1] Notably, the Application does not seek fees under § 503(b)(3)(b)-(f), including subsection (b) (allowing expenses to "a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor").

> ...
>
> **(3)** the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by--
>
> > **(A)** a creditor that files a petition under section 303 of this title;
>
> ...
>
> **(4)** reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant[.]

11 U.S.C. §§ 503(b)(3)(A) & 503(b)(4). Administrative expenses permitted under § 503(b) are given priority under § 507(a)(2). *Id.* For legal fees and costs to be considered an administrative expense, they must be "actual, necessary, allowed under §§ 503(b)(3)(A)–(E), and in addition, the amounts must be reasonable under § 503(b)(4)." *In re Blue Circle Invs., LLC*, No. 21-00712-NGH, 2022 WL 1241426, at *1–2 (Bankr. D. Idaho 2022).

   4. These statutory provisions should be narrowly construed by the Court in order to keep fees and administrative expenses at a minimum for the benefit of all creditors. *In re HovdeBray Enters.*, 499 B.R. 333, 336–38 (Bankr. D. Minn. 2013); *see also In re Treasure Valley Marine, Inc., LLC*, No. BR 16-00927-JDP, 2020 WL 6821789, at *21 (Bankr. D. Idaho 2020) ("Through the Code, the bankruptcy system attempts to equitably balance creditors' losses when a debtor's assets are inadequate to offer payment in full of their claims. The Code's priority scheme recognizes that some, but not all, claims should be, for the policy reasons Congress embraced, preferred. But granting priority comes with a cost to other deserving creditors. Bankruptcy courts must therefore exercise considerable discretion to ensure priorities are appropriately measured and applied.")

## IV. WEBSTERS' APPLICATION SHOULD BE DENIED OR VASTLY REDUCED

5. Webster's Application should be denied or vastly reduced because not all of the expenses are for services directly associated with bringing the involuntary petition. *See In re Westek Georgia, LLC*, 317 B.R. at 569–70 (application for expenses was denied with respect to the attorneys' time entries for services not associated with bringing the involuntary petition). The Application seeks attorneys' fees beyond what the governing statutes and caselaw allow Webster to recover, which are:

> The types of activities for which attorney's fees can be recovered include preparation and filing of the involuntary petition, contacting of other creditors to join in the petition, legal and factual research regarding the grounds for filing the case and, if entry of an order for relief is contested by the debtor, litigation of the issue of whether an order for relief should be entered.

*Id*. "If [Applicants] incurred professional fees both for [bringing the involuntary petition] and for other activity in the case, only the former is compensable as an administrative expense." *Id*., (internal citations omitted); *see also In re Blue Circle Invs., LLC,* 2022 WL 1241426, at *1–2 ("However, services not directly related to the involuntary petition are not compensable, including time spent on 'attempting an unsuccessful pre-bankruptcy workout,' conferring with non-petitioning creditors, and pursuing other actions within the bankruptcy case not related to the prosecution of the involuntary."); *In re Key Auto Liquidation Ctr., Inc*., 384 B.R. 599, 606 (Bankr. N.D. Fla. 2008) ("The time spent on actions within the bankruptcy case that are not directly related to the prosecution of the involuntary petition or the preservation of the estate are not compensable under §§ 503(b)(3)(A) and 503(b)(4)")(internal citations omitted); *In re Crazy Eddie*, Inc. 120 B.R. 273, 278 (agreeing that "the more reasoned approach . . . is to allow fees and costs incurred for the preparation and filing a petition and, if there is opposition, to reasonable and necessary efforts to pursue the petition to successful conclusion . . . .") (internal citations omitted).

6. Specifically, the Application fails to show why Webster should be reimbursed for his expenses related to filing an Emergency Motion for Entry of an Order Appointing an Interim Trustee under 11 U.S.C. § 303(G), an order granting emergency relief, and a motion for expedited hearing on the same. [Dkt 250, ¶¶ 4-7; 21-22]. Though Webster alleges that the Petitioning Creditors were "forced to file" these motions, he acknowledges that they were unopposed, just as Debtor did not oppose the Involuntary Petition. [Dkt 250 at ¶¶ 21-22]. Nothing in the Application reflects that Webster's actions benefited the other creditors but even if it had, Webster's Application does not seek costs under 11 U.S.C. § 503(b)(3)(B) (allowing compensation and reimbursement to a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor). The Application and request for reimbursement therein should be strictly construed by the Court under the sections which compensation and reimbursement is sought—subsection (A), which is for "a creditor that files a petition under section 303 of this title[.]" The Application should be denied to the extent it requests expenses not related to the actual preparation and filing of the petition. Nothing in the Application demonstrates by Webster should be reimbursed for the other measures he took, especially considering there is no evidence that other measures benefited other creditors or prevented loss of the bankruptcy estate. [Dkt 250 ¶ 37].

7. The Application should be denied because it seeks an exorbitant amount of fees that are unreasonable to what other Courts have consented to award petitioning creditors.[2] The

---

[2] *See In re Westek Georgia, LLC*, 317 B.R. 567, 569–70 (Bankr. M.D. Ga. 2004)($13,634.25 awarded in attorneys' fees to petitioning creditor); *In re Key Auto Liquidation Ctr., Inc.*, 384 B.R. 599, 604 (Bankr. N.D. Fla. 2008)(petitioning creditors' were allowed $924.45 under § 503(b)(3)(A) and $23,712.50 under § 503(b)(4), and the Trade Creditors are allowed $1,653.63 under § 503(b)(3)(A) and $20,127.50 under § 503(b)(4).); *In re HovdeBray Enterprises*, 499 B.R. 333, 336–38 (Bankr. D. Minn. 2013)(petitioning creditor allowed $4,005.00 under 11 U.S.C.

bankruptcy filings attached to the Application [Dkt 250, Exhibits F-I] are not fee applications in comparable cases, i.e., uncontested petitions, and thus should not be considered by the Court. The declaration submitted with the Application [Dkt. 250, Ex. E] states that the hourly rates charged by Websters' attorneys are "customary and reasonable rates for services of the type performed in this matter and are consistent with those charged by Baker Botts and comparable firms in Texas in other similar bankruptcy matters." [Dkt 250, Ex. E, p. 7., ¶ 19]. *It does not set forth that the overall amount requested in the Application is usual or typical for filing an uncontested, involuntary chapter 7 case against an individual debtor*. Nor do the time entries demonstrate that each entry for which reimbursement is sought pertains solely to preparing and filing a petition against Debtor. Petitioning Creditors only brought this bankruptcy case against Debtor and not his entities, and yet Webster's Application seeks reimbursement for expenses related to Debtor's spouse and his entities:

| Date | Name | Hours | Description |
|---|---|---|---|
| 03/18/22 | C D Montalvo | 1.5 | Researched to obtain financials on Dennis Rogers entities for M. McElvy. |
| 03/18/22 | E A Rohles | 1.1 | Researched the existence of other suits against Rogers for fraud; edit draft of emergency motion to appoint interim chapter 7 trustee; reviewed final judgments and edited creditor list to include language about who the judgments are against. |
| 03/18/22 | C E Tutunjian | 1.0 | Discussed whether Rogers' other business entities should be placed into bankruptcy with M. McElvy; discussed next steps and strategy with M. McElvy and D. Eastlake. |

---

§ 503(b)(4)); *In re Blue Circle Investments, LLC*, No. 21-00712-NGH, 2022 WL 1241426, at *1–2 (Bankr. D. Idaho 2022)(petitioning creditor allowed $3,090 and costs of $455).

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 03/19/22 | K M Jacobsen | 2.7 | Researched various Chapter 7 issues, including Rogers having primarily business debts, the impact of Rogers' marriage, and whether the trustee can put Rogers' businesses into bankruptcy. |
| 03/19/22 | K M Jacobsen | 2.3 | Revised motion for emergency consideration and reviewed local procedures regarding same. |
| 03/20/22 | D R Eastlake | 0.6 | Reviewed revised motion to appoint trustee; corresponded with K. Jacobsen regarding same. |
| 03/20/22 | K M Jacobsen | 0.8 | Revised motion to appoint interim Chapter 7 trustee. |
| 03/20/22 | K M McElvy | 0.7 | Reviewed research from D. Eastlake on trustee's ability to control Rogers' company accounts through control of Rogers' estate and other issues implicated by Chapter 7 involuntary bankruptcy against individual. |

[Dkt 250, Ex. D, p. 19].

8. Furthermore, the Application should be denied to the extent that the Court cannot determine that all fees are reasonable as required by § 504(b)(4). "When determining whether to allow attorney fees as an administrative expense, the Court 'must disallow those fees claimed if the Court cannot determine whether the amount charged for services was reasonable because the time entries in the lawyers' accounting are 'lumped.'" *In re Blue Circle Inves., LLC*, No. 21-00712-NGH, 2022 WL 1241426, at *1–2 (Bankr. D. Idaho 2022); *see also In re Treasure Valley Marine, Inc., LLC*, No. BR 16-00927-JDP, 2020 WL 6821789, at *4–5 (Bankr. D. Idaho 2020) ("This Court must also disallow those fees claimed if the Court cannot determine whether the amount charged for services was reasonable because the time entries in the lawyers' accounting are 'lumped.' Fee lumping occurs when an attorney's application describes several services but then charges a single fee for those services without enumerating how much time was dedicated to each discreet task or service. This billing practice is especially problematic in the bankruptcy context.") *Several time entries of Websters' attorneys are "lumped" and do not set forth itemized entries.* For example, Page 13 to Exhibit D to the Application reflects certain lumped time entries:

| Date | Name | Hours | Description |
|---|---|---|---|
| 03/01/22 | J Aquino | 0.4 | Followed up on request for certified copies of court papers. |
| 03/01/22 | D R Eastlake | 3.2 | Corresponded with C. Tutunjian and R. Fontenla regarding creditor service list and related issues; reviewed current service list and comment on same; analyzed notice issues; reviewed certain source documents used in compiling service list; reviewed initial involuntary petition and open items/question related to same; reviewed PACER search regarding Webster-related entities; reviewed and responded to detailed correspondence from C. Tutunjian regarding status of legal research and related evidentiary issues and burden pertaining to fraud and appointment of trustee; analyzed same and framework for next steps; corresponded with C. Tutunjian regarding post-judgment document production. |
| 03/01/22 | R M Fontenla | 4.5 | Emailed with C. Tutunjian regarding service list; reviewed documents on iManage Share regarding same; updated service list spreadsheet; emailed with team regarding Pacer search on Dennis J. Rogers II, Bootstrap Ventures, LLC, OMTC, Inc., Nomad Development, LLC, Organ Mountain Energy, LLC, Push Start Industries, LLC, and Montana Amorosa Revocable Trust; performed Pacer searches. |

[Dkt 250, Ex. D, P. 13]. Accordingly, the Court cannot see the time spent on each separate task to determine if that time is reasonable. Thus, a significant portion of the attorneys' fees for which Webster seeks to reimbursed cannot be properly considered by the Court.

## V.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, for the reasons enumerated above and those additional arguments made in Trustee's Response to Steven Webster's Application for Allowance of Administrative Expense Claim [Dkt 253], Objecting Creditors respectfully request that the Court sustain this Objection and deny the Application as set forth and described herein, and for such other and further relief to which the Objecting Creditors are justly entitled.

Respectfully submitted,

/s/ Russell A. Devenport
Russell A. Devenport
State Bar No. 24007109
rad@mcdonaldlaw.com

Sarah Kline Carmichael
State Bar No. 24110097
smk@mcdonaldlaw.com

          **McDONALD SANDERS,**
          A Professional Corporation

          777 Main Street, Suite 2700
          Fort Worth, Texas 76102
          (817) 336-8651 Telephone
          (817) 334-0271 Facsimile

          **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September 2024, a true and correct copy of the foregoing instrument has been served on all counsel of record via electronic service.

          */s/ Russell A. Devenport*
          Russell A. Devenport