| | |
|---|---|
| David R. Eastlake<br>Texas Bar No. 24074165<br>*david.eastlake@bakerbotts.com*<br>Meghan Dawson McElvy<br>Texas Bar No. 24065127<br>*meghan.mcelvy@bakerbotts.com*<br>Travis James Sales<br>Texas Bar No. 17532080<br>*travis.sales@bakerbotts.com*<br>Christopher E. Tutunjian<br>Texas Bar No. 24110460<br>*christopher.tutunjian@bakerbotts.com*<br>BAKER BOTTS L.L.P.<br>910 Louisiana St., Suite 3200<br>Houston, Texas 77002<br>Telephone:    (713) 229-1234<br>Facsimile:    (713) 229-1522 | David Brian Miller<br>Texas Bar No. 00788057<br>*david@schneidlaw.com*<br>SCHNEIDER MILLER REYNOLDS, PC<br>300 N. Coit Rd., Suite 1125<br>Richardson, Texas 75080<br>Telephone:    (972) 479-1112<br>Facsimile:    (972) 479-1113<br><br>*Counsel for Petitioning Creditors Debra and Russell Van Cleve and Angela Garbiso* |

*Counsel for Petitioning Creditor Steven A. Webster*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | (Involuntary Petition) |
| **DENNIS JAMES ROGERS II,** | § | |
| | § | Case No. 22-30500-7 |
| Alleged Debtor. | § | |
| | § | RE: Docket No. 1 |

**EMERGENCY MOTION OF THE PETITIONING CREDITORS FOR
ENTRY OF AN ORDER FOR RELIEF IN AN INVOLUNTARY CASE**

Petitioning Creditors Steve A. Webster ("Webster"), Debra and Russell Van Cleve (together, the "Van Cleves"), and Angela Garbiso ("Garbiso," and together with Webster and the Van Cleves, the "Petitioning Creditors") hereby file this emergency motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 303(h) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 1011(b) and 1013(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting relief against Alleged Debtor Dennis James Rogers II ("Rogers") in this involuntary chapter 7 case, and respectfully move as follows:



Case 22-30500-swe7 Doc 261 Filed 04/20/22 Entered 04/20/22 13:21 Page 2 of 7
Case 22-30500-swe7 Doc 226-4 Filed 04/09/24 Entered 04/09/24 11:12 Page 2 of 12
Ex. 4    Page 2 of 12

## I.    JURISDICTION

1.    The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.  The bases for the relief requested herein are sections 105(a) and 303(h) of the Bankruptcy Code and Bankruptcy Rules 1011(b) and 1013(b).

## II.    RELEVANT BACKGROUND

2.    The Petitioning Creditors hold unsecured claims in excess of $6.7 million (exclusive of attorneys' fees and interest) in the aggregate that are neither contingent as to liability nor the subject of a bona fide dispute.  Specifically:

   a.    Webster has a final, unappealable state court judgment out of Dallas County, Texas against Rogers for $6.25 million in compensatory damages and other relief; and

   b.    Rogers and his wholly-owned company, Bootstrap Ventures, LLC, jointly and severally owe (1) Garbiso a total of $294,813.36, and (2) the Van Cleves a total of $64,652.05 (exclusive of attorneys' fees and pre- and post-judgment interest) pursuant to a final, unappealable state court judgment out of Dallas County, Texas.

3.    On March 22, 2022 (the "Petition Date"), the Petitioning Creditors filed an involuntary petition for relief [Docket No. 1] (the "Involuntary Petition") against Rogers under chapter 7 of the Bankruptcy Code in this Court.

4.    On March 24, 2022, the Court entered the *Standing Scheduling Order Regarding Involuntary Cases* [Docket No. 8] (the "Scheduling Order"), and the Clerk of the Court issued the

2

*Summons to Debtor in an Involuntary Case* [Docket No. 7] (the "Summons").  That same day, at approximately 10:46 a.m. (prevailing Central Time), a process server personally served the Involuntary Petition, the Summons, and the Scheduling Order, among other pleadings, on Rogers at his residence located at 6520 Del Norte Lane, Dallas, Texas 75225.  *See The Petitioning Creditors' Certificate of Service* [Docket No. 11].

5.   The Summons provides, in relevant part:

> **YOU ARE SUMMONED** and required to submit to the Clerk of the Bankruptcy Court, a motion or answer to the petition within 21 days after the service of this summons. . . .
>
> . . .
>
> **IF YOU FAIL TO RESPOND TO THIS SUMMONS, THE ORDER FOR RELIEF WILL BE ENTERED.**

6.   The deadline for Rogers to contest the Involuntary Petition was Thursday, April 14, 2022.  Rogers did not file a motion, answer or other responsive pleading to the Involuntary Petition before that deadline.  In fact, to date, Rogers has not filed any pleading contesting the Involuntary Petition or the entry of the order for relief.

7.   On March 28, 2022, the Court entered an order directing the United States Trustee to appoint an interim chapter 7 trustee, which order was agreed as to form and substance by Rogers and the Petitioning Creditors.  On March 29, 2022, the United States Trustee appointed Areya Holder Aurzada as the interim chapter 7 trustee (the "Interim Trustee") in this case.

### III.    ARGUMENT

8.   Section 303(b)(1) of the Bankruptcy Code provides that an involuntary case may be commenced by "three or more entities" each of which holds a claim that "is not contingent as to liability or the subject of a bona fide dispute as to liability or to amount . . . if such

noncontinent, undisputed claims aggregate at least [$16,750[1]] more than the value of any lien on property of the debtor securing such claims . . . ."  11 U.S.C. § 303(b)(1).

9.  The alleged debtor must file and serve their objection or other responsive pleading contesting the involuntary petition within twenty-one (21) days after service of the summons. *See* Fed. R. Bankr. P. 1011(b).  If no objection or other responsive pleading is filed within the time provided by Bankruptcy Rule 1011(b), the Court ***must*** enter the order for the relief requested in the petition. *See* 11 U.S.C. § 303(h) ("If the petition is not timely controverted, the court ***shall*** order relief against the debtor in an involuntary case . . . .") (emphasis added); Fed. R. Bankr. P. 1013(b) ("If no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as practicable, ***shall*** enter an order for the relief requested in the petition.") (emphasis added); *see, e.g.*, *In re HealthTrio, Inc.*, 653 F.3d 1154, 1157 (10th Cir. 2011) ("If the involuntary 'petition is not timely controverted,' the court must issue an order for relief . . . ."); *In re Nelson*, Case No. 02-12379, 2003 WL 22945657, at *1 (Bankr. N.D. Cal. May 20, 2003) ("Section 303(h) of the Code requires the court to order relief against the debtor if the petition is not timely controverted.").

10.  Rogers did not file an objection or other responsive pleading contesting the Involuntary Petition within the time prescribed by Bankruptcy Rule 1011(b).  The Summons, which was personally served on Rogers at his residence on March 24, 2022, explicitly stated that Rogers had twenty-one (21) days therefrom to file a motion or answer to the Involuntary Petition and that if he failed to respond, the order for relief would be entered.  That deadline was Thursday, April 14, 2022.  To date, Rogers has not filed an objection, motion, or other response to the Involuntary Petition.

---

[1] After the Petitioning Creditors filed the Involuntary Petition, the aggregate threshold dollar amount was adjusted from $16,750 to $18,600, effective April 1, 2022, which the Petitioning Creditors' aggregate debt exceeds.

4

Ex. Pg. 526

11.    Since the Petition Date, Rogers has been engaged in discussions with counsel for the Petitioning Creditors and the Interim Trustee and has otherwise been active in this case, including without limitation, negotiating an agreed order on the Petitioning Creditors' emergency motion to appoint an interim trustee and appearing at the Court's hearing thereon.  Rogers was personally served with the Involuntary Petition and the Summons, among other documents.  Accordingly, there is no excuse for Rogers to have not timely responded when he was well aware of all dates and deadlines in the case.

12.    The language of section 303(h) and Bankruptcy Rule 1013(b) is mandatory: if the alleged debtor does not timely contest the petition, the Court "shall" enter the order for relief on the day immediately following the deadline, or as soon thereafter as practicable.  Because Rogers did not timely file an objection or other response to the Involuntary Petition, the Court must now enter the order for relief.

**WHEREFORE**, the Petitioning Creditors respectfully request (a) entry of an order for relief, substantially in the form attached hereto as **Exhibit A**, against Rogers and (b) such other and further relief as is just and equitable.

*[Remainder of the Page Intentionally Left Blank]*

Dated:  April 20, 2022    Respectfully submitted,

By:    */s/ David R. Eastlake*
David R. Eastlake
Texas Bar No. 24074165
Meghan Dawson McElvy
Texas Bar No. 24065127
Travis James Sales
Texas Bar No. 17532080
Christopher E. Tutunjian
Texas Bar No. 24110460
BAKER BOTTS, L.L.P.
910 Louisiana St.
Houston, Texas 77002
Telephone:    (713) 229-1234
Facsimile:    (713) 229-1522
david.eastlake@bakerbotts.com
meghan.mcelvy@bakerbotts.com
travis.sales@bakerbotts.com
christopher.tutunjian@bakerbotts.com

***Counsel for Petitioning Creditor Steven A. Webster***

– and –

By:    */s/ David Brian Miller*
David Brian Miller
Texas Bar No. 00788057
*david@schneidlaw.com*
SCHNEIDER MILLER REYNOLDS, PC
300 N. Coit Rd., Suite 1125
Richardson, Texas 75080
Telephone:    (972) 479-1112
Facsimile:    (972) 479-1113

***Counsel for Petitioning Creditors Debra and Russell Van Cleve and Angela Garbiso***

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 20, 2022, I caused a copy of the foregoing to be served on (a) all parties eligible to receive service through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas by electronic mail and (b) Rogers via overnight mail to 6520 Del Norte Lane, Dallas, Texas 75225, and email to dennis.rogers@omtcinc.com.

By: ___*/s/ David R. Eastlake*___
David R. Eastlake

## CERTIFICATE OF CONFERENCE NOT REQUIRED

The Petitioning Creditors did not confer with Rogers prior to filing this Motion because this Motion is effectively a motion for judgment on the pleadings, for which no conference is required under Bankruptcy Local Rule 7007-1(a), which is made applicable to this proceeding by Bankruptcy Local Rule 9013-1(a), and because Rogers did not timely oppose the relief requested in this Motion, *i.e.*, entry of an order for relief in this case.

By: ___*/s/ David R. Eastlake*___
David R. Eastlake

# EXHIBIT A

**Proposed Order**

Case 22-30500-swe7 Doc 26 Filed 04/29/24 Entered 04/29/24 11:21 Page 2 of 5
Case 22-30500-hlb7 Doc 28-16 Filed 04/20/22 Entered 04/20/23 13:31 Page 2 of 5
Ex. 4    Page 9 of 12

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| DENNIS JAMES ROGERS II, | § | Case No. 22-30500-7 |
| | § | |
| Debtor. | § | (Involuntary Proceeding) |

**ORDER FOR RELIEF IN AN INVOLUNTARY CASE**
[RELATES TO DOCKET NOS. 1, ___]

This matter coming before the Court upon the involuntary Chapter 7 petition [Docket No. 1] (the "Involuntary Petition") filed by Petitioning Creditors Steven A. Webster, Debra and Russell Van Cleve, and Angela Garbiso (collectively, the "Petitioning Creditors") against Dennis James Rogers II ("Rogers") and the Petitioning Creditors' motion for entry of an involuntary order for relief [Docket No. ___]; and it appearing that this Court has jurisdiction over the involuntary Chapter 7 case pursuant to 28 U.S.C. § 1334; and it appearing that this matter is a core proceeding

Case 22-30500-swe7 Doc 28-16 Filed 04/20/22 Entered 04/20/22 10:45:11 Page 3 of 5
Case 22-03050-swe Doc 26 Filed 04/29/24 Entered 04/29/24 13:21 Page 3 of 5
Ex. 4    Page 10 of 12

pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this involuntary Chapter 7 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due deliberation, the Court having determined that entry of the order for relief against Rogers is mandated under section 303(h) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1013(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

1. On March 22, 2022, the Petitioning Creditors filed the Involuntary Petition against Rogers.

2. On March 24, 2022, the Clerk of this Court issued the *Summons to Debtor in an Involuntary Case* [Docket No. 7] (the "Summons"). That same day, the Petitioning Creditors filed a return of the Summons certifying that the Involuntary Petition and the Summons, among other pleadings, were served on Rogers in person at his residence via a process server at approximately 10:46 a.m. (prevailing Central Time) on March 24, 2022, consistent with Bankruptcy Rule 1010(a). *See The Petitioning Creditors' Certificate of Service* [Docket No. 11].

3. The alleged debtor must file and serve their objection or other responsive pleading contesting the involuntary petition within twenty-one (21) days after service of the summons. *See* Fed. R. Bankr. P. 1011(b). If no objection or other responsive pleading is filed within the time provided by Bankruptcy Rule 1011(b), the bankruptcy court must enter the order for the relief requested in the petition. *See* 11 U.S.C. § 303(h) ("If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case . . . ."); Fed. R. Bankr. P. 1013(b) ("If no pleading or other defense to a petition is filed within the time provided by Rule 1011, the

2

court, on the next day, or as soon thereafter as practicable, shall enter an order for the relief requested in the petition.").

4. Rogers did not timely controvert the Involuntary Petition pursuant to section 303(h) of the Bankruptcy Code and Bankruptcy Rules 1011(b) and 1013(b).[1]

5. Since the Petition Date, Rogers has been engaged in discussions with counsel for the Petitioning Creditors and the Interim Trustee and has otherwise been active in this case, including without limitation, negotiating an agreed order on the Petitioning Creditors' emergency motion to appoint an interim trustee and appearing at the Court's hearing thereon. Rogers was personally served with the Involuntary Petition and the Summons, among other documents. Accordingly, Rogers was well aware of all dates and deadlines in the case.

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED THAT:**

6. An order for relief against Rogers under Chapter 7 of the Bankruptcy Code is hereby **GRANTED** and **ENTERED**.

7. Rogers shall file all lists required under Bankruptcy Rule 1007(a)(2), including a list containing the name and address of each of his estate's creditors, within seven (7) days from the date of entry of this Order.

8. Rogers shall file all schedules, documents, and the statement of financial affairs required under Bankruptcy Rule 1007(b)(1) within fourteen (14) days from the date of entry of this Order.

---

[1] Under Bankruptcy Rule 1011(b), the deadline for Rogers to contest the involuntary petition was Thursday, April 14, 2022. Rogers did not file an objection or other responsive pleading before the deadline (and, to date, Rogers has not filed any pleading contesting the involuntary petition or entry of the order for relief, nor did he oppose entry of the Court's order appointing an interim chapter 7 trustee in the case).

3

9. Pursuant to Bankruptcy Rule 1007(k), if Rogers does not prepare and file the list of creditors, schedules, and statement of financial affairs as directed by this Order, Areya Holder Aurzada, in her capacity as the Chapter 7 trustee (the "Trustee"), shall prepare and file the papers within thirty (30) days from the date of entry of this Order. The Trustee may move this Court for relief to enforce this Order and may apply for the reimbursement of the costs incurred in complying with this Order. The Trustee may seek the imposition of sanctions against Rogers in the event the Trustee must prepare and file the papers as directed by this Order.

10. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #