Meghan Dawson McElvy
Texas State Bar No. 24065127
BRADLEY ARANT BOULT CUMMINGS LLP
Chase Tower
600 Travis Street, Suite 5600
Houston, Texas 77002
Phone: 713.576.0314 – Direct
Fax: 713.576.0301
Email: mmclevy@bradley.com

George H. Barber
Texas State Bar No. 01705650
Hyewon Hannah Choi
Texas State Bar No. 24131129
BRADLEY ARANT BOULT CUMMINGS LLP
Fountain Place
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Phone: (214) 939-8700
Fax: (214) 939-8787
Email: gbarber@bradley.com
Email: hchoi@bradley.com

*ATTORNEYS FOR STEVEN A. WEBSTER*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | **Chapter 7** |
| § | |
| **DENNIS J. ROGERS II,** § | **Case No. 22-30500-swe** |
| § | |
| **Debtor.** § | |
| § | |

**LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION
RELATING TO TRUSTEE'S AMENDED MOTION TO APPROVE
SETTLEMENT WITH GOLDMAN SACHS, INCLUDING
AGREEMENT TO MODIFY THE AUTOMATIC STAY**

[Responds to Docket No. 197]

COMES NOW Steven A. Webster ("Webster"), a creditor and party in interest in this case, and respectfully files this his *Limited Objection and Request for Adequate Protection Relating to Trustee's Amended Motion to Approve Settlement with Goldman Sachs, Including Agreement to Modify the Automatic Stay* (the "Limited Objection"), and in support of thereof, respectfully represents as follows:

LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION RELATING TO
TRUSTEE'S AMENDED MOTION TO APPROVE SETTLEMENT WITH GOLDMAN
SACHS, INCLUDING AGREEMENT TO MODIFY THE AUTOMATIC STAY                PAGE 1

EXHIBIT
Trustee 6

Ex. Pg. 539

## FACTUAL BACKGROUND

1. On March 22, 2022 (the "Petition Date"), Webster and other petitioning creditors filed an involuntary petition against Dennis James Rogers II (the "Debtor") commencing the above captioned bankruptcy case under Chapter 7 of the Bankruptcy Code. On March 28, 2022, on Webster' motion, this Court entered an order for the United States Trustee to appoint an interim Chapter 7 trustee (Dkt. No. 16). Ms. Areya Holder Aurzada (the "Trustee") was subsequently appointed as interim Chapter 7 Trustee.

2. On April 26, 2022, this Court entered an order for relief against the Debtor under Chapter 7 (Dkt. No. 33). The Trustee continues to serve as the Chapter 7 Trustee in this case.

3. On May 12, 2023, the Trustee filed an *Amended Motion to Approve Settlement with Goldman Sachs, Including Agreement to Modify the Automatic Stay* (the "Motion") (Dkt. No. 197). All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

4. As stated more fully in the Motion, the Trustee seeks approval of a Settlement Agreement between the Trustee and Goldman Sachs involving annulment of the automatic stay as to the Set Off Funds, turn over by Goldman Sachs of Remaining Funds in the amount of $181,306.00 to the Trustee, agreement that Goldman Sachs will not assert an affirmative claim as to any distributions from the Debtor's Estate, and a grant of mutual releases between the Trustee and Goldman Sachs.

5. Webster is a creditor and party in interest in this bankruptcy case. Prior to the Petition Date, Webster obtained an *Agreed Final Judgment* (the "Judgment") against the Debtor on March 4, 2021, in Cause No. DC-20-10214 in the 191st Judicial District Court of Dallas County, Texas, which, among other things, awarded Webster damages of $6,250,000 plus interest against

LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION RELATING TO
TRUSTEE'S AMENDED MOTION TO APPROVE SETTLEMENT WITH GOLDMAN
SACHS, INCLUDING AGREEMENT TO MODIFY THE AUTOMATIC STAY      PAGE 2

Ex. Pg. 540

the Debtor. A true and correct copy of the Judgment is attached hereto as **Exhibit 1** and incorporated herein by reference. Debtor has not paid any portion of the Judgment.

6. In an effort to enforce and collect on the Judgment, Webster initiated a garnishment action against Goldman Sachs on March 5, 2021, Cause No. DC-21-02903, in the 191st Judicial District Court of Dallas County, Texas (the "Garnishment Action"). Webster subsequently obtained two Writs of Garnishment in the Garnishment Action dated March 10, 2021, relating to the Debtor's accounts at Goldman Sachs (the "Writs of Garnishment"). The Writs of Garnishment were subsequently served on Goldman Sachs on April 13, 2021. True and correct copies of the Writs of Garnishment are attached hereto as **Exhibits 2 and 3** and incorporated herein by reference.

7. On December 6, 2021, following a hearing on Goldman Sachs' motion for summary judgment in the Garnishment Action, the court entered an *Order on Goldman Sachs Bank's Motion for Summary Judgment* (the "Garnishment Order") ordering that Goldman Sachs recover against the Debtor $5,063,223.09 plus attorneys' fees of $24,358.81, and that Webster is entitled to recover against Goldman Sachs the sum of $162,908.14 (the "Garnished Funds"), which represents the funds in the Debtor's accounts that were subject to the Writs of Garnishment after payment of the amount which Goldman Sachs was entitled to recover under that order. A true and correct copy of the Garnishment Order is attached hereto as **Exhibit 4** and incorporated herein by reference. The Garnishment Order was not appealed by Goldman Sachs and thus became a final, non-appealable order prior to the Petition Date.

8. As a result of the Writs of Garnishment and the Garnishment Order, Webster has a perfected judicial lien on, and is entitled to recover the Garnished Funds in the amount of $162,908.14. On information and belief, the Remaining Funds at issue in the Motion include the Garnished Funds.

LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION RELATING TO
TRUSTEE'S AMENDED MOTION TO APPROVE SETTLEMENT WITH GOLDMAN
SACHS, INCLUDING AGREEMENT TO MODIFY THE AUTOMATIC STAY                PAGE 3

Ex. Pg. 541

## RELIEF REQUESTED

9. Section 363(a) of the Bankruptcy Code defines "cash collateral" as:

> "…cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest …"

11 U.S.C. § 363(a).

10. Pursuant to Section 363(c)(2) of the Bankruptcy Code, the Trustee may not use, sell or lease cash collateral unless either:

> "(A) each entity that has an interest in such cash collateral consents; or
>
> (B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

11 U.S.C. § 363(c)(2).

11. Finally, pursuant to Section 363(e) of the Bankruptcy Code:

> "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

11 U.S.C. § 363(e).

12. Webster objects to the relief requested in the Motion only insofar as it requires payment of the Garnished Funds portion of the Remaining Funds directly to the Trustee. The Garnished Funds clearly constitute cash collateral of Webster for which he is entitled to adequate protection. Webster thus requests as adequate protection under Section 361 and 363(e) of the Bankruptcy Code that the Court order such funds be paid directly by Goldman Sachs to Webster for application to the indebtedness owed by the Debtor under the Judgment. That relief is certainly consistent with what was previously ordered in the Garnishment Order. Webster does not object to any payment to the Trustee of $18,397.86 which is the amount of Remaining Funds in excess of the

LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION RELATING TO
TRUSTEE'S AMENDED MOTION TO APPROVE SETTLEMENT WITH GOLDMAN
SACHS, INCLUDING AGREEMENT TO MODIFY THE AUTOMATIC STAY          PAGE 4

Ex. Pg. 542

amount of the Garnished Funds.  Or in the alternative event that any conflicting claim to the Garnished Funds is subsequently asserted in this case,[1] order as adequate protection that the Garnished Funds portion of the Remaining Funds be held by the Trustee in a separate, segregated account, that the Trustee be prohibited from using any such funds for any reason, including for payment of administrative expenses in this case, and that Webster's liens and interests under the Writs of Garnishment and Garnishment Order attach to the Garnished Funds in the Trustee's possession in the same order of priority as presently exists with respect to such funds in the possession of Goldman Sachs.

---

[1] Webster is aware that Mandarin Capital LLC, another creditor in this case, obtained in a Utah State Court lawsuit against the Debtor prior to the Petition Date a *Prejudgment Writ of Attachment* with respect to the Debtor's interests in the accounts at Goldman Sachs, and later an *Order for Disbursement of Funds*, which acknowledged Webster's interests in the Garnished Funds under the Garnishment Order, and recognized the potential conflicting interests in those funds. Although the issuance of that Writ of Attachment predated the Writs of Garnishment obtained and served by Webster, at best plaintiff in that case simply attached the Debtor's interests in the Goldman Sachs accounts, and thus it only succeeded to the Debtor's interests in those accounts.  The plaintiff there did not pursue a separate garnishment against Goldman Sachs relating to those accounts, seek to obtain a writ of garnishment with respect to Goldman Sachs as permitted under Utah law, or otherwise seek to garnish Goldman Sachs' indebtedness owed with respect to those accounts. Consequently, it does not (and could not) prevail over Webster's rights against Goldman Sachs with respect to the Garnished Funds under the Writs of Garnishment and Garnishment Order.

LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION RELATING TO
TRUSTEE'S AMENDED MOTION TO APPROVE SETTLEMENT WITH GOLDMAN
SACHS, INCLUDING AGREEMENT TO MODIFY THE AUTOMATIC STAY — PAGE 5

WHEREFORE, PREMISES CONSIDERED, Webster prays that this Court sustain this Limited Objection, grant him adequate protection with respect to the Garnished Funds portion of the Remaining Funds as requested herein, and grant him such other and further relief to which he may be entitled.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/George H. Barber*

**MEGHAN MCELVY**
Texas Bar No. 24065127
mmcelvy@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0314 (Telephone)
(214) 939-8787 (Facsimile)

**GEORGE H. BARBER**
Texas Bar No. 01705650
gbarber@bradley.com

**HYEWON HANNAH CHOI**
Texas Bar No. 24131129
hchoi@bradley.com
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
(214) 257-9800 (Telephone)
(214) 939-8787 (Facsimile)

**ATTORNEYS FOR STEVEN A. WEBSTER**

LIMITED OBJECTION AND REQUEST FOR ADEQUATE PROTECTION RELATING TO
TRUSTEE'S AMENDED MOTION TO APPROVE SETTLEMENT WITH GOLDMAN
SACHS, INCLUDING AGREEMENT TO MODIFY THE AUTOMATIC STAY          PAGE 6

Ex. Pg. 544

Ex. Pg. 545

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2023, a true and correct copy of the foregoing pleading was served on counsel for the trustee and all other parties entitled to receive service in this case through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

*/s/George H. Barber*

CAUSE NO. DC-20-10214

| | | |
|---|---|---|
| Steven Webster, Aaron Webster, and | § | IN THE DISTRICT COURT OF |
| Dennis Woods, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | |
| Dennis J. Rogers, II and OMTC, Inc., | § | |
| | § | |
| *Defendants.* | § | 191st JUDICIAL DISTRICT |

**AGREED FINAL JUDGMENT**

Plaintiffs Steven Webster, Aaron Webster, and Dennis Woods (collectively, "Plaintiffs") and Defendants Dennis J. Rogers, II ("Rogers") and OMTC, Inc. (together, "Defendants") have respectfully submitted this Agreed Final Judgment to the Court for approval. Plaintiffs and Defendants are collectively referred to herein as the "Parties."

On July 28, 2020, Plaintiffs filed this lawsuit against Defendants, which was amended on August 3, 2020 and again on November 20, 2020. Plaintiffs' Verified Second Amended Petition and Application for Expanded Temporary Injunction, which is the live pleading, is hereby incorporated by reference.

On October 21, 2020, the Court signed an Order Granting In Part Plaintiffs Steven Webster and Dennis Woods's Traditional Motion for Partial Summary Judgment ("Summary Judgment Order"), which is hereby incorporated by reference. The Summary Judgment Order granted summary judgment to Steven Webster and Dennis Woods on their claims for breach of contract and conversion against OMTC. The Summary Judgment Order denied summary judgment on Steven Webster and Dennis Woods's claims for

Ex. Pg. 546

money had and received against OMTC. The Summary Judgment Order further ordered Steven Webster and Dennis Woods to file a motion for an award of attorneys' fees, costs, expenses, and other damages associated with their breach of contract and conversion claims.

On October 29, 2020, the Court signed an Order Denying Defendants' Rule 91a Motion to Dismiss Plaintiffs' Fiduciary Duty and Texas Deceptive Trade Practices Act Claims ("Rule 91a Order"), which is hereby incorporated by reference. The Rule 91a Order denied Defendants' Rule 91a Motion to Dismiss Steven Webster and Dennis Woods's Fiduciary Duty and Dennis Woods's Texas Deceptive Trade Practices Act Claims ("Rule 91a Motion") and held that Steven Webster and Dennis Woods were prevailing parties and entitled to recover their reasonable attorneys' fees incurred in defending against the Rule 91a Motion.

On December 15, 2020, the Court signed an Unopposed Order Granting Plaintiffs' Motions for Attorneys' Fees, Costs and Expenses ("Attorneys' Fees Order"), which is hereby incorporated by reference. The Attorneys' Fees Order awarded Steven Webster $84,334.80 in attorneys' fees, costs, and expenses for prevailing on his breach of contract claim against OMTC. The Attorneys' Fees Order further awarded Steven Webster $17,273.21 in reasonable and necessary attorneys' fees and costs for prevailing against Defendants' Rule 91a Motion, to be paid to Steven Webster by delivery of a cashier's check within 14 days of the Court's Order (i.e., by December 29, 2020). Defendants paid the $17,273.21 in full as ordered.

Pursuant to the Summary Judgment Order, Rule 91a Order, and the Attorneys' Fees Order, and as agreed to by Defendants, the Court hereby RENDERS judgment for Steven Webster and Dennis Woods on their breach of contract and conversion claims against OMTC. The Court further RENDERS judgment for Steven Webster on his breach of contract, breach of fiduciary duty, conversion, and fraud claims against Rogers. With regard to Steven Webster's fraud claims against Rogers, the Court has determined that Rogers made representations to Steven Webster, which representations Rogers knew to be false, with the intent to deceive Steven Webster. The Court has further determined that Steven Webster actually and justifiably relied on Rogers' false representations and sustained a loss as a proximate result thereof. All other claims not mentioned in this paragraph are dismissed with prejudice by agreement of the Parties.

The Court further ORDERS that Steven Webster recover the following from OMTC and Rogers, jointly and severally:

1. Compensatory damages in the amount of $6,250,000;
2. Prejudgment interest on the $6,250,000 awarded at the rate of 5% from July 28, 2020 until the date of this judgment; and
3. Post-judgment interest on all of the above at the rate of 5%, compounded annually, from the date of this judgment until all amounts are paid in full.

Defendants voluntarily, knowingly, and intentionally waive their right to appeal this judgment.

The Agreed Temporary Injunction signed by the Court on August 28, 2020, the Agreed Amended Temporary Injunction signed by the Court on December 15, 2020, and

the Agreed Second Amended Temporary Injunction agreed to by the Parties on December 22, 2020 and signed by the Court on January 6, 2021, are all incorporated herein by reference. The Agreed Second Amended Temporary Injunction shall remain in effect through the end of the Court's plenary power over this case.

Additionally, as discussed above, the Court has determined and the Parties have agreed that one or more of the Steven Webster's claims are of such character and nature that they cannot be discharged in bankruptcy under title 11 of the United States Code (the "Bankruptcy Code"), including but not limited to, under sections 523, 727, and 1328 of the Bankruptcy Code. Defendants voluntarily, knowingly, and intentionally waive all claims and defenses to the nondischargeability of such claims in a bankruptcy.

This judgment is binding on Defendants' heirs, successors, assigns, and any trustee or similar person appointed in any case under commenced under the Bankruptcy Code.

The Parties intend for the factual stipulations made in this judgment to have a preclusive effect in subsequent proceedings, including, but not limited to, in any bankruptcy case of the Defendants.

This judgment finally disposes of all claims and all parties, and it is appealable.

All writs and processes for the enforcement and collection of this judgment may issue as permitted by law.

                                          4th day of March, 2021
SIGNED this _____ day of _____, 20___.

                                                      HON. GENA SLAUGHTER

4

GARNISHMENT--AFTER JUDGMENT-Form 379

# THE STATE OF TEXAS

TO: **GOLDMAN SACHS & CO. LLC**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX  75201-3136**
GARNISHEE, GREETING:

     Whereas, **ON THIS THE 5TH DAY OF MARCH, 2021, STEVEN WEBSTER, AARON WEBSTER AND DENNIS WOODS,** Filed an application for a Writ of Garnishment after judgment stating that on the **MARCH 4, 2021**, in the District court of Dallas County **191ST DISTRICT COURT** of Texas, **STEVEN WEBSTER**

Recovered against **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY,** a judgment for the sum of **$6,250,000 COMPENSATORY DAMAGES/ PLUS PREJUDGMENT INTEREST AT THE RATE OF 5% FROM JULY 28, 2020 UNTIL JUDGMENT** with interest thereon from **MARCH 4, 2021** at the rate of **5% COMPOUNDED ANNUALLY** per annum besides the costs of suits; that said judgment still remains due and unsatisfied, and that the defendant, has not within affiant's knowledge, property in his possession, within this State, subject to execution, sufficient to satisfy such judgment; and that the plaintiff has reason to believe, and does believe that **GOLDMAN SACHS & CO. LLC** resident of **NOT STATED** County, Texas is indebted to the defendant or that it has in its hands effects belonging to the defendant, and has applied for a writ of Garnishment against the said **GOLDMAN SACHS & CO. LLC**

     THEREFORE, you are hereby commanded to be and appear before the said **191ST DISTRICT COURT**, to be held at Dallas, in Dallas County, on Monday, at or before 10:00 o'clock a.m. on the Monday next following the expiration of twenty days from the date of service hereof, then and there to answer upon oath, what, if anything you are indebted to the said defendant **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY** and were when this writ was served upon you, and what effects, if any, of the said defendant **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY** you have in your possession, and had when this writ was served, and what other persons, if anything within your knowledge, are indebted to the said defendant **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY** or have effects belonging to said defendant(s), in their possession; YOU ARE FURTHER COMMANDED *NOT* to pay defendant any debt or to deliver to him any effects, pending further orders of this Court.

TO:  **DENNIS J. ROGERS, II,** DEBTOR

You are hereby notified that certain properties alleged to be claimed by you have been garnished.  If you claim any rights in such property, you are advised:

*"YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A 'REPLEVY' BOND.  YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."*

HEREIN FAIL NOT, but of this writ make due return as the law directs.

WITNESS my official seal and signature, at my office, in the City of Dallas, Texas **ON THIS THE 10TH DAY OF MARCH, 2021.**
                               **FELICIA PITRE,** District Clerk, Dallas County, Texas

By _____ Deputy.
KARI MALONE

Ex. Pg. 550

| | |
|---|---|
| OFFICER'S RETURN | ESERVE |
| | ============================== |
| Came to hand on the _____ day of _____ A.D. 20_____ and executed on the _____ day of _____ A.D. 20_____ By_____ | No. **DC-21-02903** |
| | ============================== |
| _____ | # DISTRICT COURT DALLAS COUNTY |
| _____ | ============================== |
| _____ | **STEVEN WEBSTER** |
| _____ | **VS.** |
| | **GOLDMAN SACHS & CO. LLC** |
| | **SERVING REGISTERED AGENT** |
| | **CT CORPORATION SYSTEM** |
| | **1999 BRYAN ST STE 900** |
| | **DALLAS TX  75201-3136** |
| Returned on this the _____ day of _____, A.D. 20_____. | ============================== |
| By_____ Deputy     _____County, Texas | **GARNISHMENT AFTER JUDGMENT** |
| | ============================== |
| OFFICER'S RETURN | Issued |
| | **ON THIS THE 10TH DAY OF MARCH, 2021.** |
| | FELICIA PITRE |
| | District Clerk, Dallas County, Texas |
| | By **KARI MALONE** Deputy. |
| | ============================== |
| | Attorney for Plaintiff |
| | **COREY F WEHMEYER** |
| | **SANTOYO MOORE WEHMEYER PC** |
| | **IBC HIGHWAY 281 NORTH CENTRE BUILDING** |
| | **12400 SAN PEDRO AVENUE SUITE 300** |
| | **SAN ANTONIO TX 78216** |
| | **210-998-4200** |
| | [cwehmeyer@swenergylaw.com](mailto:cwehmeyer@swenergylaw.com) |
| | ============================== |
| | **DALLAS COUNTY SERVICE FEES NOT PAID** |

*Ex. Pg. 551*

GARNISHMENT--AFTER JUDGMENT-Form 379

# THE STATE OF TEXAS

TO: **GOLDMAN SACHS BANK USA**
**SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN ST STE 900**
**DALLAS TX 75201-3136**
GARNISHEE, GREETING:

　　　　Whereas, **ON THIS THE 5TH DAY OF MARCH, 2021, STEVEN WEBSTER, AARON WEBSTER AND DENNIS WOODS,** Filed an application for a Writ of Garnishment after judgment stating that on the **MARCH 4, 2021**, in the District court of Dallas County **191ST DISTRICT COURT** of Texas, **STEVEN WEBSTER**

Recovered against **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY,** a judgment for the sum of **$6,250,000 COMPENSATORY DAMAGES/ PLUS PREJUDGMENT INTEREST AT THE RATE OF 5% FROM JULY 28, 2020 UNTIL JUDGMENT** with interest thereon from **MARCH 4, 2021** at the rate of **5% COMPOUNDED ANNUALLY** per annum besides the costs of suits; that said judgment still remains due and unsatisfied, and that the defendant, has not within affiant's knowledge, property in his possession, within this State, subject to execution, sufficient to satisfy such judgment; and that the plaintiff has reason to believe, and does believe that **GOLDMAN SACHS BANK USA** resident of **NOT STATED** County, Texas is indebted to the defendant or that it has in its hands effects belonging to the defendant, and has applied for a writ of Garnishment against the said **GOLDMAN SACHS BANK USA**

　　　　THEREFORE, you are hereby commanded to be and appear before the said **191ST DISTRICT COURT**, to be held at Dallas, in Dallas County, on Monday, at or before 10:00 o'clock a.m. on the Monday next following the expiration of twenty days from the date of service hereof, then and there to answer upon oath, what, if anything you are indebted to the said defendant **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY** and were when this writ was served upon you, and what effects, if any, of the said defendant **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY** you have in your possession, and had when this writ was served, and what other persons, if anything within your knowledge, are indebted to the said defendant **DENNIS J. ROGERS, II AND OMTC, INC JOINTLY AND SEVERALLY** or have effects belonging to said defendant(s), in their possession; YOU ARE FURTHER COMMANDED *NOT* to pay defendant any debt or to deliver to him any effects, pending further orders of this Court.

TO: **DENNIS J. ROGERS, II,** DEBTOR

You are hereby notified that certain properties alleged to be claimed by you have been garnished. If you claim any rights in such property, you are advised:

***"YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A 'REPLEVY' BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."***

HEREIN FAIL NOT, but of this writ make due return as the law directs.

WITNESS my official seal and signature, at my office, in the City of Dallas, Texas **ON THIS THE 10TH DAY OF MARCH, 2021.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**FELICIA PITRE,** District Clerk, Dallas County, Texas

By _____ Deputy.
　　KARI MALONE

Ex. Pg. 552

|  |  |
|---|---|
| OFFICER'S RETURN | ESERVE |
|  | ============================= |
|  | No. **DC-21-02903** |
|  | ============================= |

Came to hand on the _____ day of _____ A.D. 20_____ and executed on the _____ day of _____ A.D. 20_____ By_____

_____

_____

_____

_____

Returned on this the _____ day of _____, A.D. 20_____.

By_____ Deputy    _____ County, Texas

OFFICER'S RETURN

# DISTRICT COURT DALLAS COUNTY

=============================

**STEVEN WEBSTER**

**VS.**

**GOLDMAN SACHS BANK USA**

**SERVING REGISTERED AGENT**

**CT CORPORATION SYSTEM**

**1999 BRYAN ST STE 900**

**DALLAS TX 75201-3136**

=============================

**GARNISHMENT AFTER JUDGMENT**

=============================

Issued
ON THIS THE 10TH DAY OF MARCH, 2021.
FELICIA PITRE
District Clerk, Dallas County, Texas
By **KARI MALONE** Deputy.

=============================

Attorney for Plaintiff
**COREY F WEHMEYER**
**SANTOYO MOORE WEHMEYER PC**
**IBC HIGHWAY 281 NORTH CENTRE BUILDING**
**12400 SAN PEDRO AVENUE SUITE 300**
**SAN ANTONIO TX 78216**
**210-998-4200**
[cwehmeyer@swenergylaw.com](mailto:cwehmeyer@swenergylaw.com)

=============================

**DALLAS COUNTY SERVICE FEES NOT PAID**

CAUSE NO. DC-21-02903

| | | |
|---|---|---|
| Steven Webster, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff-Garnishor*, | § | |
| | § | DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | |
| Goldman Sachs & Co. LLC and Goldman Sachs Bank USA, | § | |
| | § | |
| *Defendants-Garnishees*. | § | 191st JUDICIAL DISTRICT |

**ORDER ON GOLDMAN SACHS BANK'S MOTION FOR SUMMARY JUDGMENT**

On September 14, 2021, the Court considered the motion for summary judgment filed by Defendant-Garnishee Goldman Sachs Bank USA. The Court, having considered the motion, the response, the evidence, the applicable law, and the arguments of counsel, orders as follows:

IT IS ORDERED THAT Goldman Sachs Bank USA is entitled to recover against Dennis J. Rogers, II $5,063,223.09 plus its reasonable and necessary attorneys' fees in this action in the amount of $24,358.81.

IT IS FURTHER ORDERED THAT Steven Webster is entitled to recover the sum of $162,908.14, which represents the cash, funds, and other assets held in the accounts of Dennis J. Rogers, II and/or OMTC, Inc. that are subject to the writ of garnishment issued upon Goldman Sachs & Co. LLC and Goldman Sachs Bank USA by Webster, less the amount which Goldman Sachs Bank USA is entitled to recover against Rogers.

This is a final order that disposes of all claims and damages in this lawsuit and is appealable.

SIGNED this 14th day of Dec., 2021

_____
JUDGE PRESIDING