**Fill in this information to identify the case:**

Debtor 1: Dennis James Rogers, II

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Texas

Case number: 22-30500

## Official Form 410
# Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Steven Webster
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Steven Webster c/o Meghan McElvy
Name
Chase Tower, 600 Travis, Suite 5600
Number    Street
Houston    TX    77002
City    State    ZIP Code

Contact phone 713-576-0314
Contact email mmcelvy@bradley.com

Where should payments to the creditor be sent? (if different)

Steven Webster
Name
2701 Kirby Drive
Number    Street
Houston    TX    77098
City    State    ZIP Code

Contact phone 713-328-1099
Contact email webster@aecpartners.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☐ No
☒ Yes. Claim number on court claims registry (if known) 24

Filed on 08/13/2024
        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____



Official Form 410    Proof of Claim    page 1

Ex. Pg. 2208

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___  ___  ___  ___

**7. How much is the claim?**   $_____7,327,280.87_____.   Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

See Exhibit A attached.

**9. Is all or part of the claim secured?**
☑ No
☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____
Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                                    Proof of Claim                                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|
| | ☑ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(_2_) that applies. | $   330,586.85 |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/14/2024
              MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name: Meghan McElvy
      First name    Middle name    Last name

Title: Partner

Company: Bradley Arant Boult Cummings LLP
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: Chase Tower, 600 Travis Street, Suite 5600
         Number    Street
         Houston                TX    77002
         City                   State  ZIP Code

Contact phone: 713-576-0314         Email: mmcelvy@bradley.com

Official Form 410                    Proof of Claim                       page 3

Ex. Pg. 2210

### Exhibit A

This Proof of Claim includes a general unsecured claim against the debtor Dennis James Rogers II arising in favor of claimant Steven Webster ("Claimant") under an Agreed Final Judgment dated March 4, 2021 (the "Judgment") attached hereto as **Exhibit 1**. It includes prejudgment and post-judgment interest accrued on the Judgment amount though April 26, 2022, the date of entry of the order for relief in this case, as shown in the calculation attached hereto as **Exhibit 2**.

Claimant was also the lead petitioning creditor who incurred and paid virtually all of the legal fees and other costs and expenses associated with the efforts that led to the filing of and entry of the order for relief in this involuntary bankruptcy case. As such, Claimant is also entitled to recover his actual and necessary expenses incurred under Section 503(b)(3)(A) of the Bankruptcy Code, and reasonable compensation and actual and necessary expenses incurred by his attorneys in prosecuting that involuntary petition under Section 503(b)(4) of the Bankruptcy Code, in an amount which totals $330,586.85. Claimant's administrative expense claim under Section 503 of the Bankruptcy Code also constitutes a priority claim in this case under Section 507(a)(2) of the Bankruptcy Code. Contemporaneously herewith, Claimant is filing a separate application seeking allowance and payment of such amounts as required under Sections 503(b)(3) and (4) of the Bankruptcy Code, which is incorporated herein. Claimant reserves the right to amend this claim to reflect the allowance and payment of that priority claim at a later date.

CAUSE NO. DC-20-10214

| | | |
|---|---|---|
| Steven Webster, Aaron Webster, and | § | IN THE DISTRICT COURT OF |
| Dennis Woods, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | |
| Dennis J. Rogers, II and OMTC, Inc., | § | |
| | § | |
| *Defendants*. | § | 191st JUDICIAL DISTRICT |

**AGREED FINAL JUDGMENT**

Plaintiffs Steven Webster, Aaron Webster, and Dennis Woods (collectively, "Plaintiffs") and Defendants Dennis J. Rogers, II ("Rogers") and OMTC, Inc. (together, "Defendants") have respectfully submitted this Agreed Final Judgment to the Court for approval. Plaintiffs and Defendants are collectively referred to herein as the "Parties."

On July 28, 2020, Plaintiffs filed this lawsuit against Defendants, which was amended on August 3, 2020 and again on November 20, 2020. Plaintiffs' Verified Second Amended Petition and Application for Expanded Temporary Injunction, which is the live pleading, is hereby incorporated by reference.

On October 21, 2020, the Court signed an Order Granting In Part Plaintiffs Steven Webster and Dennis Woods's Traditional Motion for Partial Summary Judgment ("Summary Judgment Order"), which is hereby incorporated by reference. The Summary Judgment Order granted summary judgment to Steven Webster and Dennis Woods on their claims for breach of contract and conversion against OMTC. The Summary Judgment Order denied summary judgment on Steven Webster and Dennis Woods's claims for

money had and received against OMTC. The Summary Judgment Order further ordered Steven Webster and Dennis Woods to file a motion for an award of attorneys' fees, costs, expenses, and other damages associated with their breach of contract and conversion claims.

On October 29, 2020, the Court signed an Order Denying Defendants' Rule 91a Motion to Dismiss Plaintiffs' Fiduciary Duty and Texas Deceptive Trade Practices Act Claims ("Rule 91a Order"), which is hereby incorporated by reference. The Rule 91a Order denied Defendants' Rule 91a Motion to Dismiss Steven Webster and Dennis Woods's Fiduciary Duty and Dennis Woods's Texas Deceptive Trade Practices Act Claims ("Rule 91a Motion") and held that Steven Webster and Dennis Woods were prevailing parties and entitled to recover their reasonable attorneys' fees incurred in defending against the Rule 91a Motion.

On December 15, 2020, the Court signed an Unopposed Order Granting Plaintiffs' Motions for Attorneys' Fees, Costs and Expenses ("Attorneys' Fees Order"), which is hereby incorporated by reference. The Attorneys' Fees Order awarded Steven Webster $84,334.80 in attorneys' fees, costs, and expenses for prevailing on his breach of contract claim against OMTC. The Attorneys' Fees Order further awarded Steven Webster $17,273.21 in reasonable and necessary attorneys' fees and costs for prevailing against Defendants' Rule 91a Motion, to be paid to Steven Webster by delivery of a cashier's check within 14 days of the Court's Order (i.e., by December 29, 2020). Defendants paid the $17,273.21 in full as ordered.

Pursuant to the Summary Judgment Order, Rule 91a Order, and the Attorneys' Fees Order, and as agreed to by Defendants, the Court hereby RENDERS judgment for Steven Webster and Dennis Woods on their breach of contract and conversion claims against OMTC. The Court further RENDERS judgment for Steven Webster on his breach of contract, breach of fiduciary duty, conversion, and fraud claims against Rogers. With regard to Steven Webster's fraud claims against Rogers, the Court has determined that Rogers made representations to Steven Webster, which representations Rogers knew to be false, with the intent to deceive Steven Webster. The Court has further determined that Steven Webster actually and justifiably relied on Rogers' false representations and sustained a loss as a proximate result thereof. All other claims not mentioned in this paragraph are dismissed with prejudice by agreement of the Parties.

The Court further ORDERS that Steven Webster recover the following from OMTC and Rogers, jointly and severally:

1. Compensatory damages in the amount of $6,250,000;
2. Prejudgment interest on the $6,250,000 awarded at the rate of 5% from July 28, 2020 until the date of this judgment; and
3. Post-judgment interest on all of the above at the rate of 5%, compounded annually, from the date of this judgment until all amounts are paid in full.

Defendants voluntarily, knowingly, and intentionally waive their right to appeal this judgment.

The Agreed Temporary Injunction signed by the Court on August 28, 2020, the Agreed Amended Temporary Injunction signed by the Court on December 15, 2020, and

3

the Agreed Second Amended Temporary Injunction agreed to by the Parties on December 22, 2020 and signed by the Court on January 6, 2021, are all incorporated herein by reference. The Agreed Second Amended Temporary Injunction shall remain in effect through the end of the Court's plenary power over this case.

Additionally, as discussed above, the Court has determined and the Parties have agreed that one or more of the Steven Webster's claims are of such character and nature that they cannot be discharged in bankruptcy under title 11 of the United States Code (the "Bankruptcy Code"), including but not limited to, under sections 523, 727, and 1328 of the Bankruptcy Code. Defendants voluntarily, knowingly, and intentionally waive all claims and defenses to the nondischargeability of such claims in a bankruptcy.

This judgment is binding on Defendants' heirs, successors, assigns, and any trustee or similar person appointed in any case under commenced under the Bankruptcy Code.

The Parties intend for the factual stipulations made in this judgment to have a preclusive effect in subsequent proceedings, including, but not limited to, in any bankruptcy case of the Defendants.

This judgment finally disposes of all claims and all parties, and it is appealable.

All writs and processes for the enforcement and collection of this judgment may issue as permitted by law.

4th day of March, 2021
SIGNED this _____ day of _____, 20____.

HON. GENA SLAUGHTER

4

Case 22-30500-swe7 Doc 2649-9 Filed 09/20/24 Entered 09/20/24 11:21 Page 5 of 8
Case 22-30500-swe7 Doc 2149 Filed 09/20/24 Entered 09/20/24 11:21 Page 5 of 8
Ex. 9   Page 9 of 13

APPROVED AS TO FORM AND SUBSTANCE
AND ENTRY REQUESTED:

BAKER BOTTS L.L.P.


By: */s/Meghan Dawson McElvy*
Meghan Dawson McElvy
State Bar No. 24065127
meghan.mcelvy@bakerbotts.com
Margaret L. Wittenmyer
State Bar No. 24106593
margaret.wittenmyer@bakerbotts.com
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1196
Facsimile: (713) 229-2896

**ATTORNEYS FOR PLAINTIFFS**


HENNEMAN RAU LLP

By: _____
Bradley M. Kirklin
State Bar No. 24046222
bkirklin@hennemanrau.com
George H. Rau III
State Bar No. 24037335
grau@hennemanrau.com
815 Walker Street, Suite 1440
Houston, Texas 77002
Telephone: (713) 955-6030
Facsimile: (713) 955-6141

**ATTORNEYS FOR DEFENDANTS**

5

## CERTIFICATE OF SERVICE

This certifies that on ___March 2___, 20_21_, a true and correct copy of the foregoing document was served on all known counsel for defendants as shown below through the Court's E-filing System:

Bradley M. Kirklin
George H. Rau III
HENNEMAN RAU LLP
815 Walker Street, Suite 1440
Houston, Texas 77002
(713) 955-6030
*bkirklin@hennemanrau.com*
*grau@hennemanrau.com*

　　　　　　　　　　　　　　　　　　　*/s/ Meghan Dawson McElvy*
　　　　　　　　　　　　　　　　　　　Meghan Dawson McElvy

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kendall Black on behalf of Meghan McElvy
Bar No. 24065127
kendall.black@bakerbotts.com
Envelope ID: 51064682
Status as of 3/2/2021 2:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Meghan DawsonMcElvy | | meghan.mcelvy@bakerbotts.com | 3/2/2021 11:14:03 AM | SENT |
| Corey F.Wehmeyer | | cwehmeyer@swenergylaw.com | 3/2/2021 11:14:03 AM | SENT |
| Meghan McElvy | 24065127 | meghan.mcelvy@bakerbotts.com | 3/2/2021 11:14:03 AM | SENT |
| Laura Sammons | | lsammons@hrkslaw.com | 3/2/2021 11:14:03 AM | SENT |
| Henri Inocencio | | hinocencio@swenergylaw.com | 3/2/2021 11:14:03 AM | SENT |
| Margaret Wittenmyer | | margaret.wittenmyer@bakerbotts.com | 3/2/2021 11:14:03 AM | SENT |
| Kendall Black | | kendall.black@bakerbotts.com | 3/2/2021 11:14:03 AM | SENT |
| Alexandra J.Kushner | | alexandra.kushner@gs.com | 3/2/2021 11:14:03 AM | SENT |
| Erin Koenen | | ekoenen@ayco.com | 3/2/2021 11:14:03 AM | SENT |
| Kevin Kassner | | kkassner@swenergylaw.com | 3/2/2021 11:14:03 AM | SENT |
| Emily Leal | | eleal@swenergylaw.com | 3/2/2021 11:14:03 AM | SENT |
| Sandra Watson | | swatson@swenergylaw.com | 3/2/2021 11:14:03 AM | SENT |

Associated Case Party: STEVEN WEBSTER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Tina Q.Nguyen | | tina.nguyen@bakerbotts.com | 3/2/2021 11:14:03 AM | SENT |

Associated Case Party: DENNISJ.ROGERS, II

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brett Chisum | 24082816 | bchisum@mccathernlaw.com | 3/2/2021 11:14:03 AM | SENT |
| Bradley McMahon Kirklin | 24046222 | bkirklin@hennemanrau.com | 3/2/2021 11:14:03 AM | SENT |

Associated Case Party: AARON WEBSTER

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kendall Black on behalf of Meghan McElvy
Bar No. 24065127
kendall.black@bakerbotts.com
Envelope ID: 51064682
Status as of 3/2/2021 2:06 PM CST

Associated Case Party: AARON WEBSTER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Margaret Wittenmyer | 24106593 | mlwittenmyer@gmail.com | 3/2/2021 11:14:03 AM | SENT |

Associated Case Party: OMTC, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| George Henry Rau | 24037335 | grau@hennemanrau.com | 3/2/2021 11:14:03 AM | SENT |

**I. Prejudgment & Postjudgment Interest Calculation - Webster Judgment**

| | | |
|---|---:|---|
| Judgment date | 3/4/2021 | |
| Judgment amount | $6,250,000 | |
| Orig. Petition filed | 7/27/2020 | |
| Days / years of prejudgment interest | 220 | 0.60274 yrs |
| Days / years of postjudgment interest (thru 5/28/2024) | 418 | 1.145205 yrs |
| Prejudgment interest rate* | 5% | simple |
| Postjudgment interest rate** | 5% | compounded annually |

| | |
|---|---:|
| Prejudgment interest: | $ 188,356.16 |
| Judgment (including postjudgment interest through April 26, 2022): | $ 6,808,337.86 |
| **Total sum due:** | $ 6,996,694.02 |

*Prejudgment interest in judgment   "Prejudgment interest on the $6,250,000 awarded at the rate of 5% from July 28, 2020 until the date of this judgment [3/4/2021]."

**Postjudgment interest in judgment   "Post-judgment interest on all of the above at the rate of 5%, compounded annually, from the date of this judgment until all amounts are paid in full."

**II. Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(3)(a) and (4)**

| | |
|---|---:|
| Detail of attorneys' fees and costs to be provided with separate application | $ 330,586.85 |
| Total | $ 7,327,280.87 |