David B. Miller
Texas Bar No. 00788057
david@schneidlaw.com
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Telephone:  (972) 479-1112
Facsimile:  (972) 479-1113

T. Micah Dortch
Texas Bar No. 24044981
micah@dll-law.com
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, Texas  75093
Telephone:  214-252-8258
Facsimile:  888-653-3299

*Special Counsel for the Trustee Areya Holder Aurzada*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DENNIS JAMES ROGERS II, | § | CASE NO. 22-30500-swe7 |
| | § | (Involuntary Proceeding) |
| DEBTOR. | § | |

**REPLY TO FUNDERZ.NET, LLC'S OBJECTION TO MOTION TO APPROVE SUBSTANTIVE CONSOLIDATION OF NONDEBTOR AFFILIATED ENTITIES WITH THE DEBTOR'S ESTATE**

COMES NOW, Areya Holder Aurzada ("Trustee" or "Plaintiff") in her capacity as Chapter 7 Trustee for Dennis James Rogers II ("Debtor" or "Rogers") and files this her Reply to Funderz.net, LLC's Objection to Motion to Approve Substantive Consolidation of Nondebtor Affiliated Entities with the Debtor's Estate and would respectfully show the Court as follows:

## I. INTRODUCTION

1. The question before the Court in almost any motion for substantive consolidation boils down to whether there is benefit to the creditors as a whole. Here, the question could be framed as:

> Does the potential recovery for the Estate of an additional $3,815,524.00 to be distributed among victims of a Ponzi scheme outweigh the potential harm to a party (Funderz) that has not filed a proof of claim and, by its own admission, recovered $11.5 million from its $10 million investment.[1]

2. In its Objection, Funderz somehow manages to answer this question with an emphatic "no." To get there, Funderz fails to focus on the simple two-part test increasingly used by district courts in the Fifth Circuit and generally casts itself as a victim targeted by "end runs" around legal theories. With great chutzpah, Funderz states that it has been "duped" because it received only an additional $1.5 million from its $10 million investment and not the additional $5 million it expected. Oh, if only, every other investor in this fraudulent mess could have been victimized in the way that Funderz purports to have been victimized.

## II. ARGUMENT AND AUTHORITIES

**A. Funderz' Objection ignores the simple two-part test for substantive consolidation**.

3. Funderz does not dispute that this Court has the jurisdictional authority to order substantive consolidation. What Funderz does, however, is refrain from focusing on the generally accepted two-part test for substantive consolidation.

4. Although courts still refer to multi-factorial tests for substantive consolidation, the trend is to focus on a "boiled down"' or simplified two-part test that allows benefit to creditors, almost singularly, to justify substantive consolidation:

---

[1] This is, of course, even before the Trustee conducts discovery into whether Funderz was on inquiry notice of the fraud at the time it accepted payments.

> (1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; *or* (2) whether the affairs of the debtors are so entangled that consolidation would benefit all creditors.

*See, e.g., ADPT DFW Holdings, LLC*, 524 B.R. 87, 95 (Bankr. N.D. Tex. 2017) (citations omitted) (emphasis added). The presence of either factor is sufficient. *Id*. at 96.

5. Funderz only briefly discusses benefits to creditors as if that is one among several necessary prongs. Even there, Funderz spins the facts to somehow find harm to creditors from the substantive consolidation. To get there, Funderz asserts that "the Affiliated Entities are insolvent" so consolidation adds nothing to the estate and would subvert the purpose of substantive consolidation. Funderz' Objection Dkt. 256 at ¶ 43.

6. This argument is too cute by half. In its pending Motion to Dismiss in the adversary proceeding [Dkt. 24], Funderz effectively asks the Court to reduce the fraudulent transfer claims against it by $3,815,524.00 which appears to be the amount of transfers Funderz received from the nondebtor affiliated entities.[2] So, on the one hand, Funderz seeks to cut potential distributions to creditors while, on the other hand, asserting that keeping the nondebtor affiliated entities out of the bankruptcy proceeding would not harm the creditors.

7. While the affiliated entities may not have hard assets, allowing the Trustee to pursue their causes of action is undoubtedly beneficial to every creditor other than Funderz (who has not filed a proof of claim and who sits in better position than any other actual creditor). Funderz cites no authority for the proposition that potential harm to an overpaid potential creditor should outweigh millions of dollars of benefit to creditors of the estate.

---

[2] The Trustee has responded to the Motion to Dismiss in Dkt. 31 in the adversary proceeding and believes that Texas law looks at the party that controlled the transfer not necessarily the name of the entity on a bank account. In other words, the Trustee believes that Funderz is simply wrong in its efforts to reduce its liability.

REPLY TO FUNDERZ.NET, LLC'S OBJECTION TO MOTION
TO APPROVE SUBSTANTIVE CONSOLIDATION                                                                       Page 3

8. Funderz makes some additional throw-away arguments under its attempted misdirection that substantive consolidation would prejudice other creditors. Without evidence, and with evidence to the contrary, Funderz expresses concern that the Trustee has not contacted all potential creditors of the affiliated entities, that potential new creditors would dilute some recovery and that the Trustee might have additional work sorting through the "separate financial records" of the new debtor entities. As has been pled throughout, the Trustee is not aware of any creditor of any of the affiliated entities that is not already a creditor in this case. The affiliated entities conducted no business. Dennis Rogers guaranteed the debts of the affiliated entities. There are only a handful of corporate records of any type [Dkt. 20 ¶¶ 11-15].

**B. Funderz gets no refuge under *Amco* or *Owens Corning*.**

9. Funderz cites *In re Amco Ins.*, 444 F.3d 690, 696 & n.3 (5th Cir. 2006) for the proposition that this Court should deny the Motion for Substantive Consolidation because the Motion for Substantive Consolidation seeks impermissible *nunc pro tunc* relief. Although Funderz cites language that it likes, it does not discuss *In re Amco* for obvious reasons. In *In re Amco*, the court entered an order allowing Wells Fargo to pursue claims against Rehmat A. Peerbhai ("Peerbhai") who, at that point, was a nondebtor entity. *In re Amco*, 444 F.3d at 692. Later, the trustee sought substantive consolidation to include Peerbhai in the same proceeding with his affiliated entities. The bankruptcy court granted the substantive consolidation. *Id*. at 693. The district court affirmed the bankruptcy court.

On appeal, the Fifth Circuit vacated and remanded noting these concerns:

> The bankruptcy court, by granting the motion to lift the stay, and Sommers [the trustee], by agreeing to it, explicitly authorized and consented to Wells Fargo's pursuit of state court remedies against Peerbhai. Because of this green light by the bankruptcy court, Wells Fargo expended its time and money to pursue the state court litigation until the suit concluded in the Limited Forbearance Agreement. Yet, when Sommers later filed his motion for substantive consolidation, which the bankruptcy court in turn granted,

>> he then sought to undo what he had earlier specifically authorized by applying the consolidation of the estates *nunc pro tunc*.

*Id*. at 695.

10. The concerns that drove the court in *In re Amco* are not present here. No one is retrading any promise or agreement. The Trustee simply seeks to insure what the Trustee believes to already be true – that fraudulent transfers controlled by Dennis Rogers are subject to avoidance. This is no "end run" around any limitations' issue.

11. Similarly, Funderz gets no assist from its cite to *In re Owens Corning*, 419 F.3d 195, 215 (3d Cir. 2005) (emphasis added). First, it appears the Third Circuit was using a slightly different analysis than district courts in the Fifth Circuit. *In re Owens Corning*, 419 F.3d at 211. Further, the concern against substantive consolidation in *Owens Corning* is not present here. The Trustee is not seeking to harm a group of creditors in a Chapter 11 Plan or otherwise. Nor is the Trustee seeking to consolidate and control assets from entities at the expense of creditors of those entities.

### III. CONCLUSION

12. It is hard to see Funderz as a victim in any sense of the word. At its core, substantive consolidation is about equity. The gains to the Estate should not be overcome by potential harm to an overpaid, theoretical creditor. The Trustee respectfully requests that, upon hearing, this Court order the substantive consolidation of the affiliated entities with the Debtor's Estate effective as of the date of the filing of the Involuntary Petition in this case.

Dated: September 26, 2024

Respectfully submitted,

By: */s/ David B. Miller*
David B. Miller
Texas Bar No. 00788057
david@schneidlaw.com
SCHNEIDER MILLER REYNOLDS, P.C.
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Telephone:(972) 479-1112
Facsimile: (972) 479-1113

-and-

T. Micah Dortch
Texas Bar No. 24044981
micah@dll-law.com
Dortch Lindstrom Livingston Law Group
2613 Dallas Parkway, Suite 220
Plano, Texas  75093
Telephone:  214-252-8258
Facsimile:  888-653-3299

*Special Counsel for the Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with the filing of the same by (a) the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtor, the Trustee, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j), and (b) first class mail, postage prepaid, on the persons and entities set forth on the attached service list.  The service list is omitted from service copies to avoid unnecessary copying and postage charges, but a copy can be obtained free of charge by making a written request to Kathleen Yant, 300 N. Coit Road, Suite 1125, Richardson, Texas 75080, Fax: 972-479-1113, kathleen@schneidlaw.com.

By: */s/ David B. Miller*
David B. Miller

REPLY TO FUNDERZ.NET, LLC'S OBJECTION TO MOTION
TO APPROVE SUBSTANTIVE CONSOLIDATION                                                                       Page 6

ACMC Finance and Trade
c/o Joshua Kluewer
1055 W. 7th Street, Suite 336
Los Angeles, CA 90017-2577

American Express
P.O. Box 650448
Dallas, TX 75265-0448

Andre Leblanc
P.O. Box 82009
Lafayette, LA 70598

Jefferson Capital Systems LLC
P.O. Box 7999
Saint Cloud, MN 56302-7999

Apple Card
P.O. Box 7247
Philadelphia, PA 19170

BAMCG Bridge Partners LP
13800 Seniac Dr., Suite 200
Dallas, TX 75234

Bank of America
P.O. Box 15019
Wilmington, DE 19850-5019

Brent Bohn
1775 N. Martin Luther King Blvd.
Las Vegas, NV 89106

Carolyn Perry
3914 75th Place
Lubbock, TX 79423

Chase Bank
P.O. Box 6294
Carol Stream, IL 60197-6294

Dallas County
John R. Ames, CTA
500 Elm Street
Dallas, TX 75202-3304

David Meche
5121 Johnston St.
Lafayette, LA 70503

Discover Bank
P.O. Box 3025
New Albany, OH 43054-3025

Dennis Rogers Sr.
County Rd 250
Durango, CO 81301

Discover Card
P.O. Box 30666
Salt Lake City, UT 84130

Ellis Guilbeau
2014 Beau Bassin Rd.
Lafayette, LA 70520

Frost Bank
P.O. Box 1600
San Antonio, TX 78296

Funderz.net
1022 Ave. M, Floor 2
Brooklyn, NY 11230

Gerard Ballanco Jr.
611 East Prudhomme St.
Opelousas, LA 70570

Goldman Sachs
100 Crescent Court
Dallas, TX 75201

Holland & Hart  
222 S. Main St., #2200  
Salt Lake City, UT  84101

Infinity Global Fuel, Inc.  
5100 Westheimer, Suite 200  
Houston, TX  77056-5597

John & Ronda Harris  
231 Ramblewood Dr.  
Lafayette, LA  70508

John Foreman III & Andre C. Leblanc  
Attn: J. Mark Chevallier  
McGuire, Craddock & Strother, P.C.  
500 N. Akard St., Suite 2200  
Dallas, TX  75201-3317

John Hughes  
2000 Kaliste Saloom Road, Suite 400  
Lafayette, LA  70508-6180

Eamonn J. Wiles  
Decker Jones, P.C.  
801 Cherry Street, Unit #46  
Fort Worth, TX 76102-6803

Kathy Rogers  
County Road 250  
Durango, CO  81301

Kenneth & Shawna Guilbeau  
3185 Highway 178  
Sunset, LA  70584-5116

Lincoln Automotive Financial Services  
c/o Wilcox Law, PLLC  
P.O. Box 201849  
Arlington, TX  76006-1849

Linda Brown  
5340 Gooseberry Way  
Oceanside, CA  92057-4629

Mandarin Capital, LLC  
Lynn Pinker Hurst & Schwegmann LLP  
2100 Ross Avenue, Suite 2700  
Dallas, TX  75201-7919

McCathern Law Firm  
3710 Rawlins Street, Suite 1600  
Dallas, TX  75219

MCPP Park District Residential  
2711 N. Haskell Avenue, Suite 2400  
Dallas, TX  75204

Noor Concepts LLC  
c/o Nicoud Law  
10440 N. Central Expwy., Suite 800  
Dallas, TX  75231-2264

Areya Holder  
Areya Holder, Trustee  
Law Office of Areya Holder, PC  
P.O. Box 2105  
Addison, TX  75001-2105

Raymond McKaskle  
1216 Ridgewood Place  
Houston, TX  77055-5048

Scott Faulkner  
6830 Lakehurst Avenue  
Dallas, TX  75230

Justin Leemay  
TFRE Investments LLC  
1831 W. Crest Ridge Road  
Lehi, UT  84043

Steven Wang  
20 Camelot Road  
Windham, NH  03087

Synchrony Bank  
P.O. Box 965003  
Orlando, FL  32896-5003

Steven A. Webster
c/o David R. Eastlake
Baker Botts, L.L.P.
910 Louisiana Street
Houston, TX 77002

Perry Judice
c/o Russell Davenport
McDonald Sanders, P.C.
777 Main Street, Suite 1300
Fort Worth, TX 76102

Tony May
1850 E. Sahara Ave., Suite 206
Las Vegas, NV 89104

Troya Montgomery
350 Ambroise
Newport Coast, CA 92657

WeWork
115 W. 18th St.
New York, NY 10011-4113

Wildcat Lending Fund One, LP
4800 Dexter Drive
Plano, TX 75093

Dennis James Rogers II
6520 Del Norte Lane
Dallas, TX 75225-2619

Eric A. Liepins
Legal Aid of Northwest Texas
1515 Main Street
Dallas, TX 75201-4841

Michael H. Moghimi
c/o Nicoud Law
10440 N. Central Expwy., Suite 800
Dallas, TX 75231-2264

Linebarger Goggan Blair & Sampson, LLP
c/o Sherrel K. Knighton
2777 N. Stemmons Frwy., Suite 1000
Dallas, TX 75207-2328

JPMorgan Chase Bank, N.A.
c/o Suyash Agrawal
Massey & Gail LLP
50 E. Washington Street, Suite 400
Chicago, IL 60602-2100

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

John Foreman
1819 Pinhook Road, Suite 215
Lafayette, LA 70508-3700

PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Steven A. Webster, Aaron Webster & Dennis
c/o George H. Barber
Bradley Arant Boult Cummings LLP/Founta
1445 Ross Avenue, Suite 3600
Dallas, TX 75202-2761

Synchrony Bank
PRA Receivables Management, LLC
P.O. Box 41021
Norfolk, VA 23541-1021

Ellis Guilbeau
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

John O. Harris
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Raymond McKaskle
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Shawna Guilbeau
c/o Russell Davenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Kenneth Guilbeau
c/o Russell Devenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Ronda A. Harris
c/o Russell Devenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Shawna Guilbeau Perry
c/o Russell Devenport
777 Main Street, Suite 2700
Fort Worth, TX 76102-5366

Eric Liepins, PC
12770 Coit Road, Suite 850
Dallas, TX 75251-1364

United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-0996

Noor Concepts
555 E. 5th Street, Apt. 3022
Austin, TX 78701-4153

Mandarin Capital, LLC
2290 E. 4500 S #260
Salt Lake City, UT 84117-4494

Mandarin Capital, LLC
2600 Cecil Drive
Holladay, UT 84124-2906

Carolyn Guilbeau Perry
530 Catholique Road
Carencro, LA 70520-5603

Eamonn J. Wiles
801 Cherry Street, Suite 2000
Fort Worth, TX 76102-6882

Frost Bank
c/o Karl Dial
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201-2794

Gerard Ballanco Jr.
460 Judice Road
Sunset, LA 70584-5156

Lincoln Automotive Financial Services
P.O. Box 650574
Dallas, TX 75265-0574

Linda Brown
6545 Sequence Drive
San Diego, CA 92121-4363