

Carmen Contreras-Martinez (admitted *pro hac vice*)
**SAUL EWING LLP**
701 Brickell Avenue, Suite 1700
Miami, FL 33131
(305) 428-4500
carmen.contreras-martinez@saul.com

-and-

Turner N. Falk (admitted *pro hac vice*)
**SAUL EWING LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-8415
turner.falk@saul.com

*Counsel to Funderz.Net, LLC*

Micheal W. Bishop
Texas Bar No. 02354860
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
mbishop@grayreed.com
acarson@grayreed.com

*Counsel to Funderz.Net, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>DENNIS JAMES ROGERS II,<br><br>Debtor. | (Chapter 7)<br><br>Case No. 22-30500-SWE |

**STIPULATION OF FACTS REGARDING
MOTION TO APPROVE SUBSTANTIVE CONSOLIDATION OF
<u>NONDEBTOR AFFILIATED ENTITIES WITH THE DEBTOR'S ESTATE</u>**

Funderz.net, LLC ("<u>Funderz</u>"), and Areya Holder Aurzada, Chapter 7 Trustee for the Bankruptcy Estate of Dennis James Rogers II (the "<u>Trustee</u>") stipulate to the following facts solely for the purposes of the hearing on the Trustee's *Motion to Approve Substantive Consolidation of Nondebtor Affiliated Entities with the Debtor's Estate* (the "<u>Motion</u>") and Funderz's objection thereto (the "<u>Objection</u>"), but otherwise retain all rights:

1. Debtor Dennis James Rogers II (the "Debtor") was the principal and sole owner of Organ Mountain Energy, LLC, OMTC, Inc., Nomad Development, LLC, Bootstrap Ventures, LLC, and Push Start Industries, LLC (collectively, the "Affiliated Entities").

2. Debtor and the Affiliated Entities used at least six different banks or brokerage firms.

3. Debtor and the Affiliated Entities had at least 28 traditional banking accounts and another twenty brokerage accounts.

4. The Trustee is not aware of any transfer from any account referenced above that was not initiated by Dennis Rogers.

5. The Debtor and the Affiliated Entities routinely made transfers to satisfy each other's debts and expenses to third parties.

6. The Trustee is not aware of any notes, loan documents, accounting entries or other corporate formalities associated with the transfer of assets between or among the Debtor and the Affiliated Entities.

7. On March 22, 2022, (the "Petition Date") an involuntary petition was filed against the Debtor under Chapter 7 of the Bankruptcy Code. On March 28, 2022, this Court entered an order for the United States Trustee to appoint an interim Chapter 7 Trustee (Dkt. No. 16). Thereafter, the Trustee was appointed as the interim Chapter 7 Trustee. On April 26, 2022, this Court entered an order for relief against the Debtor under Chapter 7 (Dkt. No. 33). The Trustee continues to serve as the permanent Chapter 7 Trustee.

8. The Affiliated Entities are not bankruptcy debtors in any proceeding.

9. The Trustee has not caused the Affiliated Entities to file voluntary bankruptcies.

10. The Trustee has endeavored, through requests of the Debtor and subpoenas to applicable banks, to obtain complete financial records for the Debtor and Affiliated Entities.

11. The Trustee has obtained some records, but these records may be incomplete. More specifically, the Trustee believes that it has obtained all bank statements from known accounts but may not have some underlying documents.

12. The Debtor and Affiliated Entities did not take any action to prevent the Trustee from obtaining the records sought by subpoena.

**Affiliated Entity Assets**

13. Responding to a request for documents pursuant to Rule 2004, the Debtor did not produce corporate records for any Affiliated Entity and the Trustee is not aware of corporate records of any Affiliated Entity.

14. The Debtor and Affiliated Entities did not keep consolidated financial statements.

15. There are no audited financial statements from any Affiliated Entity.

16. Based upon the Trustee's analysis of the financial records of the Affiliated Entities, the Trustee has no evidence that the Affiliated Entities own any valuable real estate or personal property, aside from potential causes of action.

17. The Affiliated Entities were and are not operating businesses and have no value as a going concern.

18. The Affiliated Entities' potential causes of action known to the Trustee are avoidance claims arising under chapter 5 of the Bankruptcy Code (the "Affiliate Avoidance Actions"), and the other claims alleged in Adversary Proceedings 24-ap-03028 and 24-ap-03029.

19. The Trustee has no knowledge of any facts that would give rise to any potential Affiliate Avoidance Actions against any parties except the defendants in Adversary Proceedings 24-ap-03028 and 24-ap-03029.

20. In Adversary Proceeding 24-ap-03028, the Trustee asserts claims against Funderz for avoidance of actual and constructive fraudulent transfers under Bankruptcy Code sections 544, 548 and Tex. Bus. & Comm. Code § 24.005, recovery of these transfers under Bankruptcy Code section 550, unjust enrichment and attorneys' fees.

21. Of the $11.5 million in allegedly-avoidable transfers asserted against Funderz, approximately $3.8 million was transferred to Funderz from bank accounts in the name of Affiliated Entities, not the Debtor.

22. In Adversary Proceeding 24-ap-03028, the Trustee asserts that the Affiliated Entities are alter egos of the Debtor.

23. In Adversary Proceeding 24-ap-03028, the Trustee asserts that the transfers to Funderz from the Debtor and the Affiliated Entities were actually fraudulent including, but not limited to, because they were made as part of a Ponzi scheme.

24. The Affiliate Avoidance Action asserted in Adversary Proceeding 24-ap-03028 arises out of transfers made before October 21, 2020. Of these challenged transfers, a total of $1,165,524.00 was transferred by Affiliated Entities prior to August 8, 2020, more than four years prior to the filing of the Motion.

**Affiliated Entity Debts**

25. The Trustee is not aware of any written intercompany debts owed by any Affiliated Entity or the Debtor to any other Affiliated Entity or the Debtor.

26. To the best of the Trustee's knowledge, all contracts between creditors and the Debtor and Affiliated Entities had a similar structure: a promissory note issued by one Affiliated Entity, personally guaranteed by the Debtor.

27. To the best of the Trustee's knowledge, no creditor of an Affiliated Entity is also a creditor of another Affiliated Entity.

28. To the best of the Trustee's knowledge, none of the creditors of any of the Affiliated Entities contracted with multiple Affiliated Entities.

29. Funderz contracted only with OMTC, Inc., lending money to that Affiliated Entity evidenced by a promissory note personally guaranteed by the Debtor.

30. Funderz received payments from, at least, OMTC, Inc., Organ Mountain Energy, LLC, Bootstrap Ventures, LLC, and multiple accounts in the name of "Dennis J. Rogers."

31. The transfers in the Debtor's or Affiliated Entities' books and records denominated "HOP Capital" are transfers to Funderz.

**Exhibits**

32. Funderz and the Trustee stipulate that, solely for the purposes of a hearing on the Motion, the following documents are authentic and may be admitted into evidence for any purpose:

   a. *Factual Resume* dated April 26, 2024 in the case of U.S. v. Dennis James Rogers II, District Court for the Northern District of Texas, Dallas Division, Case No. 3:24-CR-00170-K;

   b. *Plaintiff's Third Amended Petition* in the case of Funderz.NET LLC v. OMTC, Inc. et al., 191st Judicial District, Dallas County, Texas, Case No. DC-20-01897; and

   c. *46 pages of bank statements of the Debtor and Affiliated Entities* dated between August 16 and October 16, 2019 to be designated on the Trustee's forthcoming Witness and Exhibit List.

| | |
|---|---|
| Dated:  December 3, 2024 | **SAUL EWING LLP** |

*/s/ Micheal W. Bishop*
Carmen Contreras-Martinez (admitted *pro hac vice*)
701 Brickell Avenue, Suite 1700
Miami, FL 33131
(305) 428-4500
carmen.contreras-martinez@saul.com

-and-

Turner N. Falk (admitted *pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-8415
turner.falk@saul.com

-and-

**GRAY REED**

Micheal W. Bishop (TX Bar No. 02354860)
Amber M. Carson (TX Bar No. 24075610)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
mbishop@grayreed.com
acarson@grayreed.com

*Counsel to Funderz.Net, LLC*

By: */s/ David B. Miller*
David B. Miller
Texas Bar No. 00788057
david@schneidlaw.com
**SCHNEIDER MILLER REYNOLDS, P.C.**
300 N. Coit Road, Suite 1125
Richardson, Texas 75080
Telephone:  (972) 479-1112
Facsimile:  (972) 479-1113

-and-

T. Micah Dortch
Texas Bar No. 24044981
micah@dll-law.com
**DORTCH LINDSTROM LIVINGSTON LAW GROUP**
2613 Dallas Parkway, Suite 220
Plano, TX  75093
Telephone:  214-252-8258
Facsimile:  888-653-3299

*Special Counsel for the Trustee*