Sarah M. Cox
Texas State Bar No. 24119316
Spector & Cox, PLLC
12770 Coit Rd., Suite 850
Dallas, Texas  75251
Telephone: (214) 310-1321
Fax: (214) 237-3380
E-mail: sarah@spectorcox.com
**ATTORNEY FOR ALLISON ROGERS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CHAPTER 7** |
| DENNIS JAMES ROGERS II, | § | |
| | § | **CASE NO. 22-30500-swe7** |
| | § | |
| DEBTOR. | § | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. § 362

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST, ROOM 1254, DALLAS, TEXAS 75242 BEFORE CLOSE OF BUSINESS ON MARCH 17, 2025, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED**

COMES NOW, Allison Rogers, party in interest, ("Movant") and moves this Court to grant her relief from the automatic stay pursuant to 11 U.S.C. §362(d) and FED. R. BANKR. P. 4001(a). Movant respectfully requests that this Court enter an Order granting relief from all applicable stays and injunctions, including, without limitation, the automatic stay of 11 U.S.C. § 362(a).

## FACTUAL AND PROCEDURAL BACKGROUND

1. This Court has jurisdiction over the Motion by virtue of 11 U.S.C. §§105, 361 and 362 and 28 U.S.C. §§157 and 1334.

2. On March 22, 2022, Creditors Debra A. Van Cleve, Russell Van Cleve, Angela Garbiso and Steven A. Webster ("Petitioning Creditors") filed a Petition for Involuntary Relief. [Dkt. 1]. On March 28, 2022, this Court granted Petitioning Creditors' Emergency Motion for Entry of an Order (I) Appointing an Interim Trustee under 11 U.S.C. § 303(G) and (II) Granting Emergency Relief [Dkt. 16]. On April 29, 2022, the Court entered an Order for Relief in an Involuntary Case [Dkt. 33].

3. Areya Holder is the Chapter 7 Trustee for the Debtor's bankruptcy estate.

4. Movant is the Debtor's former spouse. Movant and the Debtor have been separated since August 6, 2021.

5. An Original Petition for Divorce ("Petition") concerning Movant and the Debtor was filed in 302nd District Court of Dallas County on August 6, 2021. The Cause Number is DF-21-12875. The case was dismissed in 2022 but has been reinstated. A redacted copy of the petition is attached hereto as **Exhibit "A".**

## LAW AND ARGUMENT

6. Section 362(a)(1) of the Bankruptcy Code provides in relevant part that the filing of a case operates as a stay, applicable to all entities of the commencement or continuation of a judicial, administrative, or other action or proceeding against a debtor that was or could have been commenced before the filing of the bankruptcy case. 11 U.S.C. § 362(a)(1)

7. Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. §§ 362(d)(1).

  8. Cause is not defined in the Bankruptcy Code and must be determined on a case by case basis based on an examination of the totality of circumstances. *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza,* 111 F.3d 1264 (5th Cir. 1997). While Congress did not define "cause", Congress did intend that the automatic stay be lifted to allow litigation involving the debtor to continue in non-bankruptcy forums." *In re United Imports, Inc.*, 203 B.R.162, 166 (Bankr. D. Neb.1996).

  9. In determining whether cause exists, bankruptcy courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J Groover Construction, LLC*, 411 B.R. 460, 463-64 (Bankr. N.D.Ga. 2008).

  10. Movant asserts that cause exists to modify, terminate or annul the automatic stay pursuant to the provisions of 362(d) of the Bankruptcy Code to permit Movant and the Debtor to continue the divorce action, including dividing the exempt real and personal property of the Debtor. The state court can divide all the exempt property of the Debtor, as identified on his Amended Schedule C, attached hereto as **Exhibit "B"**, as well as the Movant's 401(k). Moreover, issues concerning custody, support and visitation regarding the minor child/children, will be decided by the state court.

  11. The Bankruptcy Court will retain jurisdiction over enforcement of any judgment with respect to property of the estate.

<u>Waiver of Rule 4001(a)(3) Requirement</u>

12. Movant requests the 14-day stay period imposed by Bankruptcy Rule 4001(a)(3) be waived for an order granting relief from stay.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that, upon final hearing, the Court entered an order allowing Movant to take all necessary steps to continue the divorce action in Cause No. DF-21-12875 now pending in the 302nd District Court of Dallas County and Movant be granted such other and further relief, at law or in equity, as is just.

Dated: March 3, 2025

Respectfully submitted,

*/s/ Sarah M. Cox*
Sarah M. Cox
Texas State Bar No. 24119316
Spector & Cox, PLLC
12770 Coit Rd., Suite 850
Dallas, Texas 75251
Telephone: (214) 310-1321
Fax: (214) 237-3380
E-mail: sarah@spectorcox.com
Attorney for Allison Rogers

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on February 25, 2025, she conferred with Eric Liepens, counsel for the Debtor. The Debtor does not oppose the relief requested herein.

The undersigned further certifies that on February 25, 2025, she conferred with Ken Hill, counsel for the Chapter 7 Trustee. The Trustee does not oppose the relief requested herein.

*/s/ Sarah M. Cox*
Sarah M. Cox

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 3, 2025, a true and correct copy of the foregoing document was via ECF on all parties receiving electronic notice in this case and via first class mail on parties listed below:

Dennis James Rogers, II (via first class mail)
6520 Del Norte Lane
Dallas, TX 75225

Eric A. Liepins (via ECF)
Legal Aid of Northwest Texas
1515 Main Street
Dallas, TX 75201

Areya Holder (via ECF)
Areya Holder, Trustee
Law Office of Areya Holder, PC
PO Box 2105
Addison, TX 75001-2105

Kenneth A. Hill (via ECF)
Quilling, Selander, et al
2001 Bryan St., Suite 1800
Dallas, TX 75201-4240
Counsel for the Chapter 7 Trustee

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

              /s/ *Sarah M. Cox*
              Sarah M. Cox