FILED
8/6/2021 11:31 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

NO. DF-21-12875
_____

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | § § § | IN THE DISTRICT COURT |
| ALLISON ROGERS AND DENNIS ROGERS | § § § § | 302nd ____ JUDICIAL DISTRICT |
| AND IN THE INTEREST OF EVELYN ROGERS AND CHARLOTTE ROGERS, CHILDREN | § § § § | DALLAS COUNTY, TEXAS |

## ORIGINAL PETITION FOR DIVORCE

1. *Discovery Level*

   Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

2. *Objection to Assignment of Case to Associate Judge*

   Petitioner objects to the assignment of this matter to an associate judge for a trial on the merits or presiding at a jury trial.

3. *Parties*

   This suit is brought by ALLISON ROGERS, Petitioner.

   DENNIS ROGERS is Respondent.

4. *Domicile*

   Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

5. *Service*

   No service on Respondent is necessary at this time.

6. *Protective Order Statement*

   No protective order under Title 4 of the TEXAS FAMILY CODE, protective order under

Subchapter A of Chapter 7B of the TEXAS CODE OF CRIMINAL PROCEDURE, or order for emergency protection under Article 17.292 of the TEXAS CODE OF CRIMINAL PROCEDURE is in effect in regard to a party to this suit or a child of a party to this suit and no application for any such order is pending.

7. *Dates of Marriage and Separation*

The parties were married on or about November 21, 2015, and ceased to live together as spouses on or about July 20, 2021.

8. *Grounds for Divorce*

The marriage has become insupportable because of discord or conflict of personalities between Petitioner and Respondent that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

9. *Children of the Marriage*

Petitioner and Respondent are parents of the following children of this marriage who are not under the continuing jurisdiction of any other court:



**Name:** E█████ R█████
Sex: ███e
Birth date: ████████

**Name:** C█████ R█████
Sex: ████
Birth date: ████████

There are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the children the subject of this suit.

Information required by Section 154.181(b) and Section 154.1815 of the TEXAS FAMILY CODE shall be provided.

No property of consequence is owned or possessed by the children the subject of this suit.

---

Petitioner believes that Petitioner and Respondent will enter into a written agreement containing provisions for conservatorship of, possession of, access to, and support of the children. If such an agreement is made, Petitioner requests that the Court approve that agreement and adopt it as the Court's order. If such an agreement is not made, Petitioner requests the Court to make orders for conservatorship of, possession of, access to, and support of the children.

10. *Division of Community Property*

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

11. *Separate Property*

Petitioner owns certain separate property that is not part of the community estate of the parties, and Petitioner requests the Court to confirm that separate property as Petitioner's separate property and estate.

12. *Vacation Letter*

In accordance with the applicable Law and Local Rules, the undersigned attorney hereby incorporates the *Vacation Letter* in this matter, which has previously been provided to the Court and shall be provided to all opposing counsel and/or opposing parties.

13. *Standing Order*

A copy of the *Dallas County Standing Order* is attached hereto as Exhibit "A" and incorporated herein by reference.

---

14. *Attorney's Fees, Expenses, Costs, and Interest*

It was necessary for Petitioner to secure the services of ANDERSON LEGAL GROUP, P.C., licensed attorneys, to prepare and prosecute this suit. To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the children, judgment for attorney's fees, expenses, and costs through trial and appeal should be granted against Respondent and in favor of Petitioner for the use and benefit of Petitioner's attorneys and be ordered paid directly to Petitioner's attorneys, who may enforce the judgment in the attorney's own names. Petitioner requests postjudgment interest as allowed by law.

15. *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this *Petition*.

Petitioner prays for attorney's fees, expenses, and costs as requested above.

Petitioner prays for general relief.

    Respectfully submitted,

    ANDERSON LEGAL GROUP, P.C.
    5209 Heritage Avenue
    Building 2, Suite 200
    Colleyville, Texas 76034
    Tel: (817) 424-3405 METRO
    Fax: 1 (866) 347-3944 TOLL-FREE
    E-Mail: firm@andersonlegalgroup.com

    By:/s/ ANDREW J. ANDERSON
        ANDREW J. ANDERSON
        State Bar No. 24027196
        PAUL G. DALY
        State Bar No. 24082891
        CARRIE K. TAPIA
        State Bar No. 24098500
        HANNAH RECTOR
        State Bar No. 24107906
        Attorneys for ALLISON ROGERS

# DALLAS COUNTY FAMILY DISTRICT COURTS GENERAL ORDERS
(Revised January 11, 2021)

### DALLAS COUNTY STANDING ORDER REGARDING:
### CHILDREN, PETS, PROPERTY AND CONDUCT OF THE PARTIES

No party to this lawsuit has requested this order. Rather, this order is a standing order of the Dallas County District Courts that applies in every divorce suit and every suit affecting the parent-child relationship filed in Dallas County. The District Courts of Dallas County giving preference to family law matters have adopted this order because the parties, their children and the family pets should be protected and their property preserved while the lawsuit is pending before the court.

Therefore, it is **ORDERED:**

1. **NO DISRUPTION OF CHILDREN.** All parties are ORDERED to refrain from doing the following acts concerning any children who are subjects of this case:
    1.1 Removing the children from the State of Texas for the purpose of changing residence, acting directly or in concert with others, without the written agreement of both parties or an order of this Court.
    1.2 Disrupting or withdrawing the children from the school or day-care facility where the children are presently enrolled, without the written agreement of both parents or an order of this Court.
    1.3 Hiding or secreting the children from the other parent or changing the children's current place of abode, without the written agreement of both parents or an order of this Court.
    1.4 Disturbing the peace of the children.
    1.5 Making disparaging remarks regarding the other party in the presence or within the hearing of the children.
    1.6 Discussing with a child, or with any other person in the presence of a child, any litigation related to a child or the other party.

2. **PROTECTION OF FAMILY PETS OR COMPANION ANIMALS.** All parties are ORDERED to refrain from harming, threatening, interfering with the care, custody, or control of a pet or companion animal, possessed by a person protected by this order or by a member of the family or household of a person protected by this order.

3. **CONDUCT OF THE PARTIES DURING THE CASE.** All parties are ORDERED to refrain from doing the following acts:
    3.1 Using vulgar, profane, obscene, or indecent language, or a coarse or offensive manner to communicate with the other party, whether in person or in any other manner, including by telephone or another electronic voice transmission, video chat, social media, or in writing, or electronic messaging, with intent to annoy or alarm the other party.
    3.2 Threatening the other party in person or in any other manner, including, by telephone or another electronic voice transmission, video chat, social media, or in writing, or electronic messaging, to take unlawful action against any person, intending by this action to annoy or alarm the other party.

3.3   Placing one or more telephone calls or text messages, at an unreasonable hour, in an offensive or repetitious manner, without a legitimate purpose of communication, or anonymously with the intent to alarm or annoy the other party.

3.4   Illegally intercepting or recording the other party's electronic communications.

3.5   Intentionally, knowing or recklessly causing bodily injury to the other party or to a child of either party.

3.6   Threatening the other party or a child of either party with imminent bodily injury.

4. **PRESERVATION OF PROPERTY AND USE OF FUNDS DURING DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from intentionally and knowingly doing the following acts:

4.1   Destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties.

4.2   Falsifying a writing or record including an electronic record, relating to the property of either party.

4.3   Misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any tangible or intellectual property of one or both of the parties, including electronically stored or recorded information.

4.4   Damaging or destroying the tangible or intellectual property of one or both of the parties, including any document that represents or embodies anything of value, and causing pecuniary loss to the other party, including electronically stored or recorded information.

4.5   Tampering with the tangible or intellectual property of one or both of the parties, including any document, electronically stored or recorded information, that represents or embodies anything of value, and causing pecuniary loss to the other party.

4.6   Selling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of either party, whether personal property or real property or intellectual property, and whether separate or community, except as specifically authorized by this order.

4.7   Incurring any indebtedness, other than legal expenses in connection with this suit, except as specifically authorized by this order.

4.8   Making withdrawals from any checking or savings account in any financial institution for any purpose, except as specifically authorized by this order.

4.9   Spending any sum of cash in either party's possession or subject to either party's control for any purpose, except as specifically authorized by this order.

4.10   Withdrawing or borrowing in any manner for any purpose from any retirement, profit-sharing, pension, death, or other employee benefit plan or employee savings plan or from any individual retirement account or Keogh account, except as specifically authorized by this order.

4.11   Signing or endorsing the other party's name on any negotiable instrument, check, or draft, such as tax refunds, insurance payments, and dividends, or attempting to negotiate any negotiable instrument payable to the other party without the personal signature of the other party.

4.12   Destroying, disposing of, or altering, any financial records of the parties, including canceled checks, deposit slips, and other records from a financial institution, a record of credit purchases or cash advances, a tax return, and a financial statement.

4.13   Destroying, disposing of, or altering any email, text message, video message, or chat message or social media message or other electronic data or electronically stored information relevant to the subject matter of the suit for dissolution of marriage, regardless of whether the information is stored on a hard drive in a removable storage device, in cloud storage, or in another electronic storage medium.

4.14 Modifying, changing, or altering the native format or metadata of any electronic data or electronically stored information relevant to the subject matter of the suit for dissolution of marriage, regardless of whether the information is stored on a hard drive in a removable storage device, in cloud storage, or in another electronic storage medium.

4.15 Deleting any data or content from any social network profile used or created by either party or a child of the parties.

4.16 Using any password or personal identification number to gain access to the other party's email account, bank account, social media account, or any other electronic account.

4.17 Taking any action to terminate or limit credit or charge cards in the name of the other party.

4.18 Entering, operating, or exercising control over the motor vehicle in the possession of the other party.

4.19 Discontinuing or reducing the withholding for federal income taxes on wages or salary.

4.20 Terminating or in any manner affecting the service of water, electricity, gas, telephone, cable television, or other contractual services, such as security, pest control, landscaping, or yard maintenance at the other party's residence or in any manner attempting to withdraw any deposits for service in connection with such services.

4.21 Excluding the other party from the use and enjoyment of the other party's specifically identified residence.

4.22 Opening or redirecting mail, email or any other electronic communication addressed to the other party.

5. **PERSONAL AND BUSINESS RECORDS IN DIVORCE CASE.** "Records" means any tangible document or recording and includes e-mail or other digital or electronic data, whether stored on a computer hard drive, diskette or other electronic storage device. If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

5.1 Concealing or destroying any family records, property records, financial records, business records or any records of income, debts, or other obligations; and

5.2 Falsifying any writing or record relating to the property of either party.

6. **INSURANCE IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are ORDERED to refrain from doing the following acts:

6.1 Withdrawing or borrowing in any manner all or any part of the cash surrender value of life insurance policies on the life of either party, except as specifically authorized by this order.

6.2 Changing or in any manner altering the beneficiary designation on any life insurance on the life of either party or the parties' children.

6.3 Canceling, altering, or in any manner affecting any casualty, automobile, or health insurance policies insuring the parties' property or persons including the parties' minor children.

7. **SPECIFIC AUTHORIZATIONS IN DIVORCE CASE.** If this is a divorce case, both parties to the marriage are specifically authorized to do the following:

7.1 To engage in acts reasonable and necessary to the conduct of that party's usual business and occupation;

7.2 To make expenditures and incur indebtedness for reasonable attorney's fees and expenses in connection with this suit;

7.3 To make expenditures and incur indebtedness for reasonable and necessary living expenses for food, clothing, shelter, transportation and medical care;

7.4 To make withdrawals from accounts in financial institutions only for the purposes authorized by this order.

8. **SERVICE AND APPLICATION OF THIS ORDER.** The Petitioner shall attach a copy of this order to the original petition and to each copy of the petition.

    8.1    At the time the petition is filed, if the Petitioner has failed to attach a copy of this order to the petition and any copy of the petition, the Clerk shall ensure that a copy of this order is attached to the petition and every copy of the petition presented.

    8.2    This order is effective upon the filing of the original petition and shall remain in full force and effect as a temporary restraining order for fourteen days after the date of the filing of the original petition. If no party contests this order by presenting evidence at a hearing on or before fourteen days after the date of the filing of the original petition, this order shall continue in full force and effect as a temporary injunction until further order of the court. This entire order will terminate and will no longer be effective once the court signs a final order.

9. **EFFECT OF OTHER COURT ORDERS. If any part of this order is different from any part of a protective order that has already been entered or is later entered, the protective order provisions prevail.** Any part of this order not changed by some later order remains in full force and effect until the court signs a final decree.

10. **PARTIES ENCOURAGED TO MEDIATE.** The parties are encouraged to settle their disputes amicably without court intervention. The parties are encouraged to use alternative dispute resolution methods, such as mediation or informal settlement conferences (if appropriate), to resolve the conflicts that may arise in this lawsuit.

11. **BOND WAIVED.** It is ORDERED that the requirement of a bond is waived.

THIS DALLAS COUNTY STANDING ORDER REGARDING CHILDREN, PROPERTY AND CONDUCT OF PARTIES SHALL BECOME EFFECTIVE ON JANUARY 11, 2021.

_____
Hon. Kim Brown
Judge, 254th District Court

_____
Hon. Mary Brown
Judge, 301st District Court

_____
Hon. Kim Cooks
Judge, 255th District Court

_____
Hon. Sandra Jackson
Judge, 302nd District Court

_____
Hon. David Lopez
Judge, 256th District Court

_____
Hon. Andrea D. Plumlee, Presiding Judge
on behalf of the 303rd District Court

_____
Hon. Andrea D. Plumlee
Judge, 330th District Court

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anderson Legal Group, P.C. on behalf of Andrew Anderson
Bar No. 24027196
firm@andersonlegalgroup.com
Envelope ID: 56071847
Status as of 8/9/2021 9:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Anderson Legal Group, P.C. | | firm@andersonlegalgroup.com | 8/6/2021 11:31:14 AM | SENT |