IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § § § § § | CHAPTER 7 |
| DENNIS JAMES ROGERS II, | | CASE NO. 22-30500-swe7 |
| DEBTOR. | | |

**ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY**

On February 27, 2025, a Motion for Relief from Automatic Stay (the "Motion") was filed by Allison Rogers (the "Movant") in the above-referenced case. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate fourteen (14)-day negative notice language, pursuant to LBR 4001, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within fourteen days or the Motion would be deemed by the Court to be unopposed. The Court finds that no objection or other written response to the Motion has been timely filed by any party. Due to

the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed and, therefore, the Court finds that good cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Motion for Relief from Automatic stay filed by Allison Rogers on February 27, 2025, is hereby GRANTED so as to authorize Movant and the Debtor to proceed with the dissolution of marriage in Cause Number DF-21-12875, currently pending before the 302nd District Court of Dallas County (the "State Court").

**IT IS FURTHER ORDERED** that the State Court may enter such orders, judgments and decrees as necessary to divide the property identified on the Debtor's Amended Schedule C, filed at Dkt 112, as well as the Movant's 401(k), which property is either exempted from the Bankruptcy Estate, or not part of the Bankruptcy Estate as a matter of law.

**IT IS FURTHER ORDERED** that, the State Court in the Divorce may not (without further order of this Court) divide any property, other than what is identified herein.

**IT IS FURTHER ORDERED** that the Bankruptcy Court will retain jurisdiction over enforcement of any judgment with respect to property of the estate.

**IT IS FURTHER ORDERED** that, since the Motion was unopposed by any party, the fourteen (14)-day stay period otherwise imposed by Fed. R. Bankr. P. 4001(3) shall not be applicable to this Order.

##END OF ORDER###